1  Jeffrey M. Reisner (State Bar No. 143715)
   jreisner@irell.com
2  Kerri A. Lyman (State Bar No. 241615)
   klyman@irell.com
3  IRELL & MANELLA LLP
   840 Newport Center Drive, Suite 400
4  Newport Beach, California 92660-6324
   Telephone: (949) 760-0991
5  Facsimile: (949) 760-5200

6  [Proposed] Reorganization Counsel for the
   Debtor and Debtor-in-Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:10-bk-42779 |
| EMAK WORLDWIDE, INC., a Delaware corporation, | Chapter 11 |
| Debtor and Debtor-in-Possession. | **DEBTOR'S <u>EMERGENCY</u> MOTION FOR ORDER AUTHORIZING JOINT ADMINISTRATION OF RELATED CASES; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF KERRI A. LYMAN IN SUPPORT THEREOF** |
| | [11 U.S.C. § 105; Fed. R. Bankr. P. 1015; Local Bankr. Rule 9075; Local General Order 02-02 for the United States Bankruptcy Court Central District of California] |
| | [Identical Motion Filed in Related Case] |
| | [No Hearing Requested] |

TO THE HONORABLE JUDGE PRESIDING, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND OTHER PARTIES-IN-INTEREST:

#2280215.1

1      EMAK Worldwide, Inc., a Delaware corporation ("EMAK"), the debtor and debtor-in-
2 possession herein (the "Debtor"), hereby moves the Court, on an <u>emergency basis</u>, for an order
3 authorizing the joint administration of EMAK's chapter 11 estate with the related chapter 11 estate
4 of EMAK Worldwide Service Corp., a Delaware corporation ("EMAK Service"). EMAK and
5 EMAK Service are hereinafter collectively referred to as the "Debtors".

6      A notice, substantially in the form attached as Exhibit "1" to the Declaration of Kerri A.
7 Lyman ("Lyman Declaration"), will be sent to all creditors and will be filed in each of the Debtors'
8 cases. Once jointly administered, the Debtors propose to file pleadings only in the EMAK court
9 case file. In all court files for the related case, creditors and parties-in-interest will be directed to
10 the EMAK case file to locate all pleadings filed subsequently to the date on which the Court enters
11 its order authorizing the joint administration of these cases.

12      The Debtors do <u>not</u> request substantive consolidation of their cases at this time. Nothing
13 contained in this Motion is intended to compel substantive consolidation of the Debtors' respective
14 estates. Since the Debtors request only joint administration by this Motion, the relief requested
15 herein will prejudice no substantive rights, and no conflicts will result therefrom. In the event
16 substantive consolidation of the Debtors' estates is warranted, the Debtors will bring a separate
17 motion requesting such relief.

18      This Motion is based on the attached Memorandum of Points and Authorities, the Lyman
19 Declaration appended hereto, the Declaration of Teresa L. Tormey filed concurrently herewith
20 ("Tormey Declaration"), and all pleadings, papers and records on file with the Court, and such
21 other evidence, oral or documentary, as may be presented to the Court with respect to this Motion.

22      **Due to the urgent nature of the relief requested herein, EMAK is not able to conform**
23 **to the normal motion practice and requests that this Motion be granted, without notice or a**
24 / / /
25 / / /
26
27
28

1 | hearing, in accordance with General Order 02-02 approved by the United States Bankruptcy
2 | Court for the Central District of California and Local Bankruptcy Rule 9075.
3 | DATED: August 6, 2010            IRELL & MANELLA LLP

By: *(signature)* Kerri A. Lyman
Jeffrey M. Reisner
Kerri A. Lyman
[Proposed] Reorganization Counsel for the
Debtor and Debtor-in-Possession

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## PROCEDURAL AUTHORIZATION FOR GRANTING THE MOTION ON AN EMERGENCY BASIS WITHOUT NOTICE OR HEARING IS WARRANTED PURSUANT TO GENERAL ORDER 02-02

On August 5, 2010, the Debtor and its related entity EMAK Service filed their respective chapter 11 petitions with this Court ("Petition Date").

EMAK and EMAK Service are related entities.

By this Motion, the Debtor is requesting an order authorizing joint administration of this case and that of EMAK Service (collectively, the "Debtors") (wherein an identical Motion is being filed concurrently).

As set forth in this Motion, there is substantial overlap with respect to the Debtors. In light of this overlap, the Debtors believe that joint administration will avoid otherwise unnecessary and expensive duplication of effort and papers caused by preparing and serving the same creditors with multiple sets of differently-captioned but otherwise identical papers. The relief proposed herein will enable the Debtors to avoid the substantial cost of preparation, filing and serving duplicative motions in each proceeding, and the consequent burden on the estates and the Court.

By jointly administering the Debtors' estates, creditors will receive appropriate notice of matters involving each of the Debtors, thereby ensuring that creditors are fully informed of matters potentially affecting their claims. In short, joint administration of the Debtors' cases, including (i) combining the estates by using a single docket for administrative matters, including a listing of claims filed, and the filing, lodging and docketing of pleadings and orders, (ii) the use of a single pleadings docket, (ii) the combining of notices to creditors and parties-in-interest of the different estates, (iii) the scheduling of hearings; (iv) financial reporting by the Debtors; (v) the joint and several liability of the estates for administrative purposes; and (vi) the joint handling of other purely administrative matters will aid in expediting the cases and rendering the process substantially less costly, without prejudicing the substantive rights of any creditor.

The Debtors believe that it is in the best interest of their estates to jointly administer these cases. Procedural authorization for granting this Motion on an emergency basis without notice or hearing is found in General Order 02-02 and Local Bankruptcy Rule 9075. The Debtor respectfully submits that, on the facts of this case, emergency relief is appropriate and will substantially benefit the Debtor's estate. Accordingly, the Debtor respectfully requests that the Court grant this Motion, on an <u>emergency basis</u>, without notice or hearing.

## II.

## **BACKGROUND OF RELATED DEBTORS**

For the sake of brevity, the Debtor hereby incorporates by reference the statement of factual background set forth in the Tormey Declaration.

## III.

## **JOINT ADMINISTRATION OF THE RELATED DEBTORS' CASES WOULD YIELD SUBSTANTIAL ADMINISTRATIVE BENEFITS**

Although the Bankruptcy Code specifically provides for joint administration of limited types of cases (<u>See</u> 11 U.S.C. § 302(a) (permitting the filing of joint petitions by spouses)), there is no provision in the Code governing joint administration of cases generally. Bankruptcy Rule 1015(b), however, makes clear that joint administration may be appropriate when two or more related debtor entities, whether spouses, partnerships, or corporations, have filed for protection under the Code. Bankruptcy Rule 1015(b)(4) provides, in pertinent part:

> If . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates.

Further, Local Bankruptcy Rule 1015-1(b) provides, in pertinent part:

> If 2 or more cases are pending before the same judge, an order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to FRBP 1015, supported by a declaration establishing that the joint administration of the cases is warranted, will ease the administrative burden for the court and the parties, and will protect creditors of the different estates against potential conflicts of interest.

Section 101(2) of the Bankruptcy Code defines "affiliate" to mean, among other things:

(A) entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities.

(B) corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities.

As set forth in Collier on Bankruptcy, an order authorizing joint administration contemplates the following relief:

(1) combining the estates by using a single docket for administrative matters, including a listing of claims filed, and the filing, lodging and docketing of pleadings and orders;

(2) the combining of notices to creditors and parties-in-interest;

(3) the scheduling of hearings;

(4) financial reporting by the Debtors;

(5) the joint and several liability of the estates for administrative expenses; and

(6) the joint handling of other administrative matters.

See Collier on Bankruptcy, Forms 8.92-1, 8.92-4, and 8.92-5, reprinted on Collier on Bankruptcy 15th Ed. Rev. (2001).

Joint administration is warranted in the Related Debtors' cases. EMAK Service, a Delaware corporation, is owned 100% by EMAK. Based on this relationship, the Debtors plainly are "related" and are "affiliate[s]" as those terms are used in the Bankruptcy Code. See 11 U.S.C. § 101(2).

Joint administration will substantially reduce the costs of administering the Debtors' cases and will serve to eliminate the inefficiency created by maintaining separate dockets. To a great extent, the Debtor anticipates that numerous similar, if not identical, applications, motions and orders will be involved in the Debtors' cases. Joint administration will avoid wasting resources that would result through duplication of effort if the cases involving the Debtors were to proceed separately. The Debtors' creditors stand to benefit from the increased efficiency of administration anticipated through joint administration because they will not be require to review and separately respond to substantially similar motions, disclosure statements, and other pleadings that would

otherwise be filed in separate cases. On the other hand, joint administration will permit the Debtors to respond more efficiently to the demands of their creditors, and will reduce attorneys' fees, copying costs, mailing costs and costs of administering the cases.

Moreover, through joint administration of the Debtors' cases, this Court and the Bankruptcy Court Clerk's office will be relieved of the burden of having to file and maintain dockets and case files for each of the related cases.

By this Motion, the Debtor proposes that the Debtors' estates be jointly liable for administrative expenses. This would include professional fees such that all fees and expenses charged to the main case and only one joint fee application need to be filed by any professional.

## IV.
### WERE AN ACTUAL CONFLICT TO ARISE IN THE COURSE OF THE DEBTORS' CASES, THE COURT MAY ALLEVIATE ANY PREJUDICE TO CREDITORS PURSUANT TO ITS DISCRETION UNDER BANKRUPTCY RULE 1015(c)

Although the Debtors do not believe that an actual conflict exists between the two estates, should such a conflict arise in the future, the Court could easily alleviate any prejudice it may cause to creditors through the Court's broad powers to oversee the joint administration of the Debtors' cases. As discussed above, joint administration is a procedural device designed to reduce costs and administrative burdens generally. Were a conflict to arise during the cases, the Court may step in and limit joint administration to the extent necessary to alleviate any negative effects of the conflict. Under Bankruptcy Rule 1015(c), "while protecting the rights of parties under the Code, the court may enter orders as may tend to avoid unnecessary costs and delay." Exercising its discretion under this Rule, the Court would be able to promote the interests of the estates through administrative efficiency, while at the same time protecting the rights of individual creditors and interest holders if and when the need arises. Until an _actual_ conflict arises, however, there is no reason why the Court should not authorize joint administration of these cases.

# V.

# **CONCLUSION**

The primary goal of a chapter 11 reorganization is to maximize the value of a debtor's estate for the benefit of creditor and equity constituencies. Related to that goal, and of significant importance as well, is the efficient administration of the bankruptcy case so that the debtor can emerge quickly and begin distributions to creditors. Permitting the joint administration of the Debtors' cases will further both of these goals.

Based upon the foregoing arguments and authorities and the evidence before this Court, the Debtors respectfully submit that the Court should enter an order authorizing joint administration of the Debtors' estates, including:

(1) the combining the estates by using a single docket for administrative matters, including a listing of claims filed, and the filing, lodging and docketing of pleadings and orders;

(2) the combining notices to creditors and parties-in-interest;

(3) the scheduling hearings;

(4) the financial reporting by the Debtors;

(5) the joint and several liability of the estates for administrative expenses; and

(4) the joint handling of other administrative matters.

DATED: August 6, 2010

IRELL & MANELLA LLP

By: /s/ Kerri A. Lyman
Jeffrey M. Reisner
Kerri A. Lyman
[Proposed] Reorganization Counsel for Debtor and Debtor-in-Possession

## DECLARATION OF KERRI A. LYMAN

I, Kerri A. Lyman, hereby declare and state as follows:

1. I am an associate with the law firm of Irell & Manella LLP, proposed reorganization counsel for EMAK Worldwide Inc., a Delaware corporation ("EMAK" or "Debtor").

2. On August 5, 2010, the Debtor and its related entity EMAK Worldwide Service Corp. ("EMAK Service") filed their respective chapter 11 petitions with this Court ("Petition Date").

3. EMAK Service is a related entity of the within Debtor.

4. This Declaration is made in support of the Debtor's Emergency Motion for Order Authorizing Joint Administration of Related Cases Pursuant to Bankruptcy Rule 1015(b) (the "Motion").

5. I believe that the Debtors' cases present the classic situation for joint administration. As set forth in the Motion, I believe that joint administration will substantially reduce the costs of administering the Debtors' cases and will serve to eliminate the inefficiency created by maintaining separate dockets. To a great extent, for each set of pleadings to be filed in the Debtors' cases, the only material differences between each pleading will be in the captions; since substantive matters affecting one estate typically will affect the other estate. Without joint administration, separate pleadings must be filed in each matter, and unnecessary copying will need to be done at substantial cost to the estates -- all without any additional benefit to creditors or interest holders.

6. The relief proposed herein will enable the Debtors to avoid the substantial cost of preparation, filing and serving duplicative motions in each proceeding, and the consequent burden on the estates and the Court.

7. I believe that the creditors of the Debtors stand to benefit from the increased efficiency of administration anticipated through joint administration because they will not be required to review and separately respond to substantially similar motions, disclosure statements, and other pleadings that would otherwise be filed in separate cases. Moreover, joint administration would permit the Debtors to respond more efficiently to the demands of their

creditors, and will reduce attorneys' fees, copying costs, mailing costs and other costs of administering the cases.

8. A notice substantially similar to that attached hereto as Exhibit "1" and incorporated herein by this reference will be sent to all creditors and will be filed in each of the Debtors' cases. The Debtors propose that all pleadings relating to the Debtors' cases shall contain a joint caption in substantially the form attached hereto as Exhibit "2," and that all such pleadings shall be filed and maintained under the existing docket of the within Debtor, EMAK Worldwide, Inc., a Delaware corporation.

9. Nothing contained in this Motion is intended to compel substantive consolidation of the Debtors' respective estates. Since the Debtors request only joint administration by this Motion, the relief requested herein will prejudice no substantive rights, and no conflicts will result therefrom. In the event substantive consolidation of the Debtors' estates is warranted, the Debtors will bring a separate motion requesting such relief.

10. Accordingly, for the reasons set forth in the Motion, I believe that it is in the best interest of the estate to jointly administer this case and that of EMAK Service (wherein an identical Motion is being filed concurrently).

11. Procedural authorization for granting this Motion on an emergency basis without notice or hearing is found in General Order 02-02 and Local Bankruptcy Rule 9075. The Debtor respectfully submits that, on the facts of this case, emergency relief is appropriate and will substantially benefit the Debtors' estates. Accordingly, it is respectfully requested that this Court grant the Motion, on an emergency basis, without notice or hearing.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 6th day of August, 2010, at Newport Beach, California.

_____
Kerri A. Lyman

# EXHIBIT '1"

Jeffrey M. Reisner (State Bar No. 143715)
jreisner@irell.com
Kerri A. Lyman (State Bar No. 241615)
klyman@irell.com
IRELL & MANELLA LLP
840 Newport Center Drive, Suite 400
Newport Beach, California 92660-6324
Telephone: (949) 760-0991
Facsimile: (949) 760-5200

[Proposed] Reorganization Counsel for the
Debtors and Debtors-in-Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

In re

☐ EMAK WORLDWIDE, INC., a Delaware corporation,

☐ EMAK WORLDWIDE SERVICE CORP., a Delaware corporation,

   Debtors and Debtors-in-Possession.

Case No. 2:10-bk-42779

Jointly Administered with Case No. 2:10-bk-42784

Chapter 11 Proceedings

**NOTICE TO CREDITORS AND PARTIES-IN-INTEREST OF JOINT ADMINISTRATION OF CASES**

[No Hearing Requested]

**TO ALL KNOWN CREDITORS AND PARTIES-IN-INTEREST:**

**NOTICE IS HEREBY GIVEN** that on August 5, 2010, the United States Bankruptcy Court for the Central District of California, the Honorable ▓▓▓▓▓ presiding, ordered the joint administration of the following Chapter 11 cases:

  1. EMAK Worldwide, Inc., a Delaware corporation ("EMAK"), Chapter 11 Case No. 2:10-bk-42779, and

  2. EMAK Worldwide Service Corp., a Delaware corporation ("EMAK Service"), Chapter 11 Case No. 2:10-bk-42784.

Exhibit    1
Page    11

2280346.2 02

1  EMAK and EMAK Service are collectively referred to as the "Debtors." Joint
2  administration of the Debtors' cases includes:
3     (1)  combining the estates by using a single docket (In re EMAK Worldwide,
4  Inc., Case No. 2:10-bk-42779   ) for administrative matters, including a listing of claims
5  filed, and the filing, lodging and docketing of pleadings and orders;
6     (2)  the combining of notices to creditors and parties-in-interest;
7     (3)  the scheduling of hearings;
8     (4)  financial reporting by the Debtors;
9     (5)  the joint and several liability of the estates for administrative expenses; and
10    (6)  the joint handling of other administrative matters.
11  Pursuant to the Court's order, the case caption to be used in the Debtors' Chapter 11 cases
12  is the caption in this notice. All papers filed in the jointly administered cases should use the
13  caption and case numbers as shown on this notice and should indicate that the cases are jointly
14  administered. The Debtors' estates have not been substantively consolidated.

15  DATED: August ____, 2010           IRELL & MANELLA LLP

17                                     By: _____
                                           Jeffrey M. Reisner
18                                         Kerri A. Lyman
                                           [Proposed] Reorganization Counsel for the
19                                         Debtor and Debtor-in-Possession

2280346.2 02

Exhibit 1
Page - 2 - 12

# EXHIBIT "2"

Jeffrey M. Reisner (State Bar No. 143715)
jreisner@irell.com
Kerri A. Lyman (State Bar No. 241615)
klyman@irell.com
IRELL & MANELLA LLP
840 Newport Center Drive, Suite 400
Newport Beach, California 92660-6324
Telephone: (949) 760-0991
Facsimile: (949) 760-5200

[Proposed] Reorganization Counsel for the
Debtors and Debtors-in-Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| In re | ) Case No. 2:10-bk-42779 |
|---|---|
| ☐ EMAK WORLDWIDE, INC., a Delaware corporation, | ) Jointly Administered With: ) Case No. 2:10-bk-42784 |
| ☐ EMAK WORLDWIDE SERVICE CORP., INC., a Delaware corporation, | ) Chapter 11 |
| Debtors and Debtors-in-Possession. | ) |

Exhibit 2
Page 13