| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Jeffrey M. Reisner (Bar No. 243715) and Kerri A. Lyman (Bar No. 241615)<br>IRELL & MANELLA LLP<br>840 Newport Center Drive, Suite 400<br>Newport Beach, CA 92660-6324<br><br>☒ Attorney for: Debtor | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| In re:<br>    EMAK WORLDWIDE, INC.<br><br>                                                    Debtor(s). | CASE NO.: 2:10-bk-42779 RN<br>CHAPTER: 11<br>ADV. NO.: N/A |
|---|---|

## ELECTRONIC FILING DECLARATION
### (CORPORATION/PARTNERSHIP)

☒ Petition, statement of affairs, schedules or lists        Date Filed: 8/19/10
☐ Amendments to the petition, statement of affairs, schedules or lists        Date Filed: _____
☒ Other: Amended Verification of Creditor Mailing List        Date Filed: 8/19/10

### PART I - DECLARATION OF AUTHORIZED SIGNATORY OF DEBTOR OR OTHER PARTY

I, the undersigned, hereby declare under penalty of perjury that: (1) I have been authorized by the Debtor or other party on whose behalf the above-referenced document is being filed (Filing Party) to sign and to file, on behalf of the Filing Party, the above-referenced document being filed electronically (Filed Document); (2) I have read and understand the Filed Document; (3) the information provided in the Filed Document is true, correct and complete; (4) the "/s/," followed by my name, on the signature lines for the Filing Party in the Filed Document serves as my signature on behalf of the Filing Party and denotes the making of such declarations, requests, statements, verifications and certifications by me and by the Filing Party to the same extent and effect as my actual signature on such signature lines; (5) I have actually signed a true and correct hard copy of the Filed Document in such places on behalf of the Filing Party and provided the executed hard copy of the Filed Document to the Filing Party's attorney; and (6) I, on behalf of the Filing Party, have authorized the Filing Party's attorney to file the electronic version of the Filed Document and this *Declaration* with the United States Bankruptcy Court for the Central District of California.

_[signature]_                                                                                                                     8-19-2010
Signature of Authorized Signatory of Filing Party                                                      Date

Teresa L. Tormey
Printed Name of Authorized Signatory of Filing Party

Corporate Secretary
Title of Authorized Signatory of Filing Party

### PART II - DECLARATION OF ATTORNEY FOR FILING PARTY

I, the undersigned Attorney for the Filing Party, hereby declare under penalty of perjury that: (1) the "/s/," followed by my name, on the signature lines for the Attorney for the Filing Party in the Filed Document serves as my signature and denotes the making of such declarations, requests, statements, verifications and certifications to the same extent and effect as my actual signature on such signature lines; (2) an authorized signatory of the Filing Party signed the *Declaration of Authorized Signatory of Debtor or Other Party* before I electronically submitted the Filed Document for filing with the United States Bankruptcy Court for the Central District of California; (3) I have actually signed a true and correct hard copy of the Filed Document in the locations that are indicated by "/s/," followed by my name, and have obtained the signature of the authorized signatory of the Filing Party in the locations that are indicated by "/s/," followed by the name of the Filing Party's authorized signatory, on the true and correct hard copy of the Filed Document; (4) I shall maintain the executed originals of this *Declaration*, the *Declaration of Authorized Signatory of Debtor or Other Party*, and the Filed Document for a period of five years after the closing of the case in which they are filed; and (5) I shall make the executed originals of this *Declaration*, the *Declaration of Authorized Signatory of Debtor or Other Party*, and the Filed Document available for review upon request of the Court or other parties.

_[signature]_                                                                                                                     8-19-10
Signature of Attorney for Filing Party                                                                          Date

Kerri A. Lyman
Printed Name of Attorney for Filing Party

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.
November 2006

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Jeffrey M. Reisner (Bar No. 243715) and Kerri A. Lyman (Bar No. 241615)<br>IRELL & MANELLA LLP<br>840 Newport Center Drive, Suite 400<br>Newport Beach, CA 92660-6324<br>Tele: (949) 760-0991 - Fax: (949) 760-5200<br>☑ *Attorney for:* Debtor | |
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | |
| In re: EMAK Worldwide, Inc.<br><br>Debtor(s),<br><br>Plaintiff(s),<br><br>Defendant(s). | CASE NO.: 2:10-bk:42779 RN<br>ADV. NO.:<br>CHAPTER: 11 |

# Corporate Ownership Statement Pursuant to
# FRBP 1007(a)(1) and 7007.1, and LBR 1007-4

*Pursuant to FRBP 1007(a)(1) and 7007.1, and LBR 1007-4, any corporation, other than a governmental unit, that is a debtor in a voluntary case or a party to an adversary proceeding or a contested matter shall file this statement identifying all its parent corporations and listing any publicly held company, other than a governmental unit, that directly or indirectly own 10% or more of any class of the corporation's equity interest, or state that there are no entities to report. This Corporate Ownership Statement must be filed with the initial pleading filed by a corporate entity in a case or adversary proceeding. A supplemental statement must promptly be filed upon any change in circumstances that renders this Corporate Ownership Statement inaccurate.*

I, Teresa L. Tormey_____, the undersigned in the above-captioned case, hereby declare
        *(Print Name of Attorney or Declarant)*
under penalty of perjury under the laws of the United States of America that the following is true and correct:

**[Check the appropriate boxes and, if applicable, provide the required information.]**

1. I have personal knowledge of the matters set forth in this Statement because:

    ☑ I am the president or other officer or an authorized agent of the debtor corporation
    ☐ I am a party to an adversary proceeding
    ☐ I am a party to a contested matter
    ☐ I am the attorney for the debtor corporation

2. a. ☑ The following entities, other than the debtor or a governmental unit, directly or indirectly own 10% or more of any class of the corporation's(s') equity interests:

    *[For additional names, attach an addendum to this form.]*
    Crown EMAK Partners, LLC
    Heartland Advisors, Inc.

   b. ☐ There are no entities that directly or indirectly own 10% or more of any class of the corporation's equity interest.

_____    8-19-2010
Signature of Attorney or Declarant    Date

Teresa L. Tormey
Printed Name of Attorney or Declarant

---

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2009    F 1007-4

| Party Name, Address, and Telephone Number (CA State Bar No. If applicable) | FOR COURT USE ONLY |
|---|---|
| Jeffrey M. Reisner (Bar No. 243715)<br>Michael H. Strub (Bar No. 153828)<br>Kerri A. Lyman (Bar No. 241615)<br>IRELL & MANELLA LLP<br>840 Newport Center Drive, Suite 400<br>Newport Beach, CA 92660-6324<br>Tele: (949) 760-0991<br>Fax: (949) 760-5200 | |
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | |
| In re:<br><br>**EMAK Worldwide, Inc.**<br><br>                                                                   Debtor. | CHAPTER 11<br>CASE NUMBER: 2:10-bk-42779 RN<br><br>(No Hearing Required) |

## VENUE DISCLOSURE FORM
## FOR CORPORATIONS FILING CHAPTER 11
### (Required by General Order 97-02)

*Attach additional sheets as necessary and indicate so in each section*

1. Specify the address of the principal office of the Debtor currently on file with the California Secretary of State (from Form S0100, S0200, or S0300):

   **6330 San Vicente Blvd., Los Angeles, CA 90048**

2. Specify the address of the principal office of the Debtor listed on the Debtor's most recent federal tax return:

   **6330 San Vicente Blvd., Los Angeles, CA 90048**

3. Disclose the current business address(es) for all corporate officers:

   **6330 San Vicente Blvd., Los Angeles, CA 90048**

4. Disclose the current business address(es) where the Debtor's books and records are located:

   **6330 San Vicente Blvd., Los Angeles, CA 90048**

#1600039.1

Venue Disclosure Form for Corporations Filing Chapter 11 - Page Two (2)    VEN-C

| In re  EMAK WORLDWIDE, INC. | | CHAPTER 11 |
|---|---|---|
| | Debtor. | CASE NUMBER: 2-10-bk-42779-RN |

5. List the address(es) where the majority of the Debtor's assets are located based on a book value determination as set forth on the Debtor's most recent balance sheet:

   **6330 San Vicente Blvd., Los Angeles, CA 90048**

6. Disclose any different address(es) to those listed above within six months prior to the filing of the petition and state the reasons for the change in address(es):

   **None.**

7. State the name and address of the officer signing this Statement and the relationship of such person to the Debtor (specify):

   **Teresa L. Tormey, 6330 San Vicente Blvd., Los Angeles, CA 90048, Corporate Secretary**

8. Total number of attached pages of supporting documentation:  0

9. I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed on the _19th_ day of August 2010, at _Newport Beach_, California.

Teresa L. Tormey
_____
Type Name of Officer

_____
Signature of Declarant

Corporate Secretary
_____
Position or Title of Officer

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court

In re  EMAK WORLDWIDE INC ,
Debtor

Case No.  2:10-bk-42779-RN

Chapter  11

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $ 0.00 | | |
| B - Personal Property | Yes | 36 | $ 4,392,115.27 | | |
| C - Property Claimed as Exempt | No | 0 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $ 35,385.10 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 8 | | $ 1,198,164.52 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 5 | | $ 6,252,017.92 | |
| G - Executory Contracts and Unexpired Leases | Yes | 3 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | No | 0 | | | $ 0.00 |
| J - Current Expenditures of Individual Debtors(s) | No | 0 | | | $ 0.00 |
| TOTAL | | 55 | $ 4,392,115.27 | $ 7,485,567.54 | |

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

EMAK Worldwide, Inc. and EMAK Worldwide Service Corp.
Case Nos.: 2:10-bk-42779-RN and 2:10-bk-42784-RN

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING DEBTORS' SCHEDULES AND STATEMENTS**

The Schedules of Assets and Liabilities (collectively, the "Schedules") and the Statements of Financial Affairs (collectively, the "Statements" and, together with the Schedules, the "Schedules and Statements") filed by EMAK Worldwide, Inc. ("EMAK") and EMAK Worldwide Service Corp. ("EMAK Service") the jointly-administered debtors and debtors-in-possession in these cases (collectively, the "Debtors") in the United States Bankruptcy for the Central District of California (the "Bankruptcy Court") have been prepared by the Debtors pursuant to pursuant to 11 U.S.C. § 521 and Rules 1007 and 1009(a) of the Federal Rules of Bankruptcy Procedure and are unaudited. Although the Debtors have made every reasonable effort to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances based on information that was available to them at the time of preparation, subsequent information or discovery may result in material changes to these Schedules and Statements, and inadvertent errors or omissions may exist. Because the Schedules and Statements contain unaudited information, which is subject to further review and potential adjustment, there can be no assurance that these Schedules and Statements are complete. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to these chapter 11 cases, including, but not limited to, issues involving substantive consolidation, equitable subordination and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers. These Global Notes and Statement of Limitations, Methodology and Disclaimer Regarding the Debtors' Schedules and Statements (the "Global Notes") are incorporated by reference in, and comprise an integral part of, the Schedules and Statements, and should be referred to and reviewed in connection with any review of the Schedules and Statements.

**Amendment**

The Debtors reserve all rights to amend the Statement and Schedules, in all respects, as may be necessary or appropriate, including, but not limited to, the right to dispute or to assert offsets or defenses to any claim reflected on the Statement and Schedules as to amount, liability or classification of the claim, or to otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated." Furthermore, nothing contained in the Statement and Schedules shall constitute a waiver of rights by the Debtors involving any present or future causes of action, contested matters or other issues under the provisions of Chapter 11 of title 11 of the United States Code or other relevant non-bankruptcy laws.

Given the differences between the information to be submitted in the Statement and Schedules and the financial information utilized under Generally Accepted Accounting Principles, the aggregate asset values and claim amounts set forth in the Statement and Schedules may not

2290554

reflect the values and amounts that would be set forth in a balance sheet for the Debtors prepared in accordance with Generally Accepted Accounting Principles.

**Basis of Presentation**

The Debtors filed these chapter 11 cases on August 5, 2010 (the "Petition Date"). For financial reporting purposes, the Debtors along with their subsidiaries, prepare consolidated financial statements. Unlike the consolidated financial statements, these Schedules and Statements reflect the assets and liabilities of each separate Debtor, except where indicated otherwise. In addition, not all of the direct and indirect subsidiaries are Debtors in these chapter 11 cases. Accordingly, combining the assets and liabilities set forth in the Schedules and Statements of the Debtors would result in amounts that would be substantially different from financial information regarding the Debtors that would be prepared on a consolidated basis under Generally Accepted Accounting Principles ("GAAP"). Therefore, these Schedules and Statements do not purport to represent financial statements prepared in accordance with GAAP nor are they intended to fully reconcile to the financial statements.

**Causes of Action**

In their reasonable efforts to identify all known assets, the Debtors, may not have set forth all of their causes of action or potential causes of action against third parties as assets in their Schedules and Statements, including, but not limited to, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant non-bankruptcy laws to recover assets. The Schedules and Statements shall not be deemed a waiver of any such claim, causes of action or avoidance action or in any way prejudice or impair the assertion of such claims.

**Claims Designations**

Any failure to designate a claim on the Debtors' Schedules and Statements as "disputed," "contingent" or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent" or "unliquidated." The Debtors reserve the right to dispute any claim reflected on their Schedules or Statements on any grounds, including, but not limited to, amount, liability or classification, or to otherwise subsequently designate such claims as "disputed," "contingent" or "unliquidated."

**Net Book Value of Assets**

The Debtors made their best efforts to report asset, liability, disbursement and other information on the Schedules and Statements. Unless otherwise indicated, the Debtors' assets and the liabilities are shown on the basis of their net book value as of the Petition Date. As a result, amounts ultimately realized may vary from net book value and such variance may be material. Exceptions to this include operating cash, which is presented at bank balances as of the Petition Date. Certain assets, such as investments in subsidiaries, are listed at undetermined amounts as the net book values may materially differ from fair market values. Attempts to obtain current market valuations of assets would be prohibitively expensive, unduly burdensome and an inefficient use of estate assets and, as a result, has not been attempted in connection with the preparation of the Schedules and Statements.

**Excluded Assets and Liabilities**

The Debtors have excluded certain categories of assets and liabilities from the Schedules and Statements, such as goodwill. Other immaterial assets and liabilities may also have been excluded.

**Fiscal Year**

Each Debtors fiscal year ended on December 31, 2009 last year and December 31, 2008 the year before.

**Foreign Currency**

Unless otherwise indicated, all amounts are reflected in U.S. dollars.

**Schedule D — Creditors Holding Secured Claims**

Except as otherwise agreed pursuant to a stipulation or agreed order or general order entered by the Bankruptcy Court, the Debtors reserve the right to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of either Debtor. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercreditor agreement) related to such creditor's claim. In certain instances, a Debtor may be a co-obligor, co-mortgagor or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule D of either Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities. The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements. Except as specifically stated herein, real property lessors, utility companies and other parties which may hold security deposits have not been listed on Schedule D.

**Schedule E — Creditors Holding Unsecured Priority Claims**

**Wages**

As of the Petition Date, certain employees were owed (i) wages, salaries and compensation, (ii) employee medical, workers' compensation and similar benefits, and (iii) reimbursable employee expenses. Pursuant to the *Order Granting Debtors' Emergency Motion For Order Authorizing Payment And Honoring Of Prepetition Payroll Obligations*, the Debtors were authorized, among other things, to pay, and have paid, the priority wages. Vacation and other PTO currently is being honored postpetition, but to the extent not so honored, employees may have a priority or non-priority claim for such vacation or other PTO, as the case may be. Some or all of the claims identified on Schedule "E" may not be entitled to priority in whole or in part, including, without limitation, because the claim amount exceeds the applicable priority cap, and the Debtors reserve

the right to assert that claims identified on Schedule "E" are not entitled to priority in whole or in part.

**Taxes**

Schedule "E" contains the Debtors' best estimate of all of the potential priority claims against the Debtors' estates held by governmental and quasi-governmental entities. The Debtors have not determined whether, and to what extent, any of the creditors identified on Schedule "E" in fact are entitled to priority under Section 507 of the Bankruptcy Code. The Debtors reserve the right to assert that claims identified on Schedule "E" are not claims of governmental entities and/or that such claims are not entitled to priority.

### Schedule F — Creditors Holding Unsecured Nonpriority Claims

Schedule F does not include certain deferred charges, deferred liabilities or general reserves. Such amounts, however, are reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date. The claims listed in Schedule F arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact. Although reasonable efforts have been made to identify the date of incurrence of each claim, determination of each date upon which each claim in Schedule F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed on Schedule F. Schedule F contains information regarding pending litigation involving the Debtors. All parties to executory contracts, including those listed on Schedule G, are holders of contingent and unliquidated unsecured claims arising from (i) obligations under those executory contracts and/or (ii) rejection damages in the event that such executory contract is rejected. Not all such claims are duplicated on Schedule F.

### Schedule G — Executory Contracts

Although reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions or overinclusion may have occurred. The Debtors hereby reserve all of their rights to dispute the validity, status or enforceability of any contract or other agreement set forth in Schedule G that may have expired or may have been modified, amended and supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments and agreements which may not be listed therein. Also, Schedule G contains all of the Debtors contracts and agreements as of the Petition Date. It is possible that some of the contracts or agreements listed on Schedule G have expired or otherwise terminated pursuant to their terms since the Petition Date. The presence of a contract or agreement on Schedule G does not constitute an admission by the Debtors that such contract or agreement is an executory contract or unexpired lease.

In some cases, the same supplier or provider may appear multiple times in Schedule G. This multiple listing is to reflect distinct agreements between the applicable Debtor and such supplier or provider.

Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal and other miscellaneous rights.

Such rights, powers, duties and obligations are not set forth separately on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as easements, right of way, subordination, nondisturbance and attornment agreements, supplemental agreements, amendments/letter agreements, title agreements and confidentiality agreements. Such documents are also not set forth in Schedule G.

In addition, certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings. All rights to dispute or challenge the characterization of the structure of any transaction, or any document or instrument (including, without limitation, any intercreditor agreement) related to a creditor's claim are reserved. Certain of the contracts, agreements, and leases listed on Schedule G may have been entered into by more than one of the Debtors. Finally, certain of the executory agreements may not have been memorialized and could be subject to dispute.

**Totals**

All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the tables.

## SPECIFIC NOTES REGARDING SCHEDULE B

### 1. General Notes Incorporated Herein.

These specific notes are in addition to the General Notes Regarding the Debtor's Schedules.

### 2. Bank Accounts

The Debtors and their wholly-owned subsidiaries utilize a centralized cash management system that creates a two-way transfer route in which all deposits are "up streamed" to a single bank account held by EMAK Service, and disbursements for the companies' operating expenses are "down streamed" to special purpose disbursement accounts held by EMAK Service and Equity Marketing Inc. (a subsidiary of EMAK) as necessary to pay expenses. EMAK's wholly-owned subsidiaries do not have separate bank accounts. Instead, all funds paid to the EMAK subsidiaries' are deposited into a bank account in the name of EMAK Service. Therefore, the balances in the bank accounts listed on Schedule B reflect the cash held by the Debtors and their subsidiaries on a consolidated basis.

### 3. Net Book Values.

Schedule "B" lists the Debtors ownership interests, if any, in subsidiaries and affiliates. For purposes of these Schedules and Statements, the Debtors have listed the value of such ownership interest as undetermined because the fair market value of such stock or interests is dependent on numerous variables and factors.

### 4. Appraiser.

The Debtors have not retained an appraiser to obtain market values for such assets or for the value of its intellectual property listed on item 22.

B6A (Official Form 6A) (12/07)

In re **EMAK Worldwide, Inc.**                ,                    Case No. **2:10-bk-42779-RN**
       Debtor                                                            (If known)

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| None. | | | | |
| | | | Total▶ 0.00 | |

(Report also on Summary of Schedules.)

B 6B (Official Form 6B) (12/07)

In re  EMAK Worldwide, Inc.                    ,         Case No.  2:10-bk-42779-RN
           Debtor                                                              (If known)

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | 0.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | General Account $1,292,115.27; Deposit Account $117,149.01; Savings Account $1,100,000; Restricted Cash $2,000,000 {See footnote below} | | 4,392,115.27 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | 0.00 |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | X | | | 0.00 |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | 0.00 |
| 6. Wearing apparel. | X | | | 0.00 |
| 7. Furs and jewelry. | X | | | 0.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | 0.00 |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | 0.00 |
| 10. Annuities. Itemize and name each issuer. | X | | | 0.00 |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | 0.00 |

[FN] - These accounts contain cash held by the Debtors and their subsidiaries on a consolidated basis.

B 6B (Official Form 6B) (12/07) -- Cont.

In re **EMAK Worldwide, Inc.**                    ,    Case No. __2:10-bk-42779-RN__
        **Debtor**                                              (If known)

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | 0.00 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | See attached Corporate Structure chart for wholly-owned subsidiaries of the Debtor. | | Unknown |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | 0.00 |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | 0.00 |
| 16. Accounts receivable. | X | | | 0.00 |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | 0.00 |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | 0.00 |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | X | | | 0.00 |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | 0.00 |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | Potential recovery under pending lawsuit - EMAK Worldwide, Inc. vs. Donald A. Kurz, Peter Boutros, Take Back EMAK, LLC, et al. | | Unknown |

B 6B (Official Form 6B) (12/07) -- Cont.

In re  EMAK Worldwide, Inc.                    ,          Case No.  2:10-bk-42779-RN
         Debtor                                                       (If known)

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | | See attached Trademark Portfolio Status Report. | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | 0.00 |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | 0.00 |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | 0.00 |
| 26. Boats, motors, and accessories. | X | | | 0.00 |
| 27. Aircraft and accessories. | X | | | 0.00 |
| 28. Office equipment, furnishings, and supplies. | X | | | 0.00 |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | 0.00 |
| 30. Inventory. | X | | | 0.00 |
| 31. Animals. | X | | | 0.00 |
| 32. Crops - growing or harvested. Give particulars. | X | | | 0.00 |
| 33. Farming equipment and implements. | X | | | 0.00 |
| 34. Farm supplies, chemicals, and feed. | X | | | 0.00 |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | 0.00 |

_____continuation sheets attached    Total▶    $    4,392,115.27

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

