DAVID L. NEALE (SBN 141225)
J.P. FRITZ (SBN 245240)
GWENDOLEN D. LONG (CA Admission Pending)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: dln@lnbyb.com, jpf@lnbyb.com,
gdl@lnbyb.com

*Proposed Counsel to the Official
Committee of Unsecured Creditors*

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>☒ EMAK WORLDWIDE, INC.,<br>a Delaware corporation,<br><br>☒ EMAK WORLDWIDE SERVICE CORP., a Delaware corporation,<br><br>Debtors and Debtors-in-Possession. | Case No. 2:10-bk-42779-RN<br>[Jointly Administered with Case No. 2:10-bk-42784-RN]<br><br>Chapter 11<br><br>OPPOSITION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTORS' NOTICES OF SETTING/INCREASING INSIDER COMPENSATION<br><br>DATE: [To be set]<br>TIME: [To be set]<br>PLACE: Courtroom 1645<br>255 E. Temple St.<br>Los Angeles, CA |

**TO THE HONORABLE RICHARD M. NEITER, UNITED STATES BANKRUPTCY JUDGE:**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the jointly-administered chapter 11 bankruptcy cases of EMAK Worldwide, Inc. ("EMAK") and EMAK Worldwide Service Corp. ("EMAK Services" and, together with EMAK, the "Debtors"), hereby submits this opposition (the "Opposition") to the Debtors' Notices of

1

Setting/Increasing Insider Compensation (the "Insider Comp Notices") filed on behalf of James L. Holbrook, Jr. ("Holbrook"), EMAK's Chief Executive Officer and Director, and Teresa L. Tormey ("Tormey"), EMAK's Corporate Secretary and Consultant.[1] Pursuant to Local Bankruptcy Rule 2014-1(a)(4), the Committee hereby requests that the Court set a hearing to consider this opposition to the Insider Comp Notices.

## I.

## STATEMENT OF RELEVANT FACTS[2]

1. Pursuant to the Insider Comp Notices, the Debtors seek authority to pay compensation to Holbrook in the amount of $507,878.24 annually and compensation to Tormey in the amount $400 per hour for an estimated 30 hours per week plus group benefits and expenses. In exchange, Holbrook will be "responsible for the general management and control of the affairs and business of the Debtors" and Tormey will be "responsible for management of all corporate legal matters for the Debtors" and representing the Debtors in these bankruptcy cases.

2. Holbrook is subject to a shareholder derivative action pending in the Delaware Court of Chancery styled <u>Donald A. Kurz and Sems Diversified Value, LP v. James K. Holbrook, Jr. et al.</u>, Civil Action No. 5019-VCL (the "Delaware Action"), which alleges misconduct and breach of fiduciary duty by Holbrook, among others, with respect to his actions on the Board of Directors of EMAK in the Fall of 2009. Specifically, plaintiffs in the Delaware Action assert that Holbrook engaged in an inequitable scheme to prevent EMAK's shareholders from removing Holbrook and other incumbent directors through a consent solicitation. Vice Chancellor Laster expressed the strength of the evidence against Holbrook, stating:

---

[1] True and correct copies of the Insider Comp Notices are attached hereto as Exhibit A.
[2] The factual statements herein are supported by the Second Declaration of Joel Friedlander filed or to be filed herewith (the "Friedlander Declaration").

2

> *I think there is substantial and credible evidence that Mr. Holbrook breached his duty of loyalty in connection with the exchange transaction. I think there is substantial and credible evidence that Mr. Holbrook misled the board and/or withheld material information in connection with the events leading up to the exchange transaction . . . . The disclosures [to stockholders] were false and misleading.*

(7/19/10 Tr. at 80, 96) (attached to the Friedlander Declaration as Exhibit B). Holbrook, among other current and former EMAK board members, is also subject to a California Superior Court shareholder derivative action alleging the breach of fiduciary duty of loyalty, due care, sale of company and disclosure. I.e., Robert J. Farina and Gryphon Promotions, Inc. v. Stephen P. Robeck et al., Case No. BC 422808.

    3.    In addition to the Delaware Action, the Personnel Review Committee of EMAK's Board of Directors oversaw an investigation into whether Holbrook should be terminated for cause under his employment agreement.[3] The report of counsel to the Personnel Review Committee found several distinct grounds to support Holbrook's termination, including: (i) improper conduct in handling EMAK's primary client; (ii) failure to inform the Board of the fracture in his relationship with EMAK's primary client; (iii) false statements made to a Board member during the investigation into Holbrook's conduct with respect to the loss of EMAK's primary client; and (iv) orchestrating the exchange transaction without adequate inquiry into its legality.

---

[3] A true and correct copy of the report of counsel to the Personnel Review Committee is attached to the Friedlander Declaration as Exhibit F (without exhibits).

3

4.    Tormey was terminated on March 31, 2010 and under her amended employment agreement was to receive $545,970 in severance payments, as well as a bonus to be paid by April 30, 2010 for 2010 and a continuing relationship with EMAK as a paid consultant. According to Tormey's compensation report annexed to the Insider Comp Notices, the Debtors have paid Tormey $482,050 since January 2010. Of the total amount, $141,000 related to consulting fees, $218,750 was regular salary and $112,500 is categorized as a bonus.[4] Pursuant to a motion filed in this case,[5] Tormey and other executives sought continued payment of their severance benefits in order to continue performing their consulting services. However, the motion was later amended to drop Tormey from those requesting relief.

5.    On March 25, 2010, Holbrook filed an affidavit in the Delaware Action[6] in which he stated that EMAK management had "a process for replacing EMAK's bank line, and plan on continuing to follow that process." However, in April 2010 Holbrook allowed EMAK's $7.5 million credit facility to expire, resulting in insufficient access to capital that directly contributed to the filing of these bankruptcy cases.

6.    According to the *Declaration of Teresa L. Tormey in Support of Debtor's Emergency Motion for Order Authorizing Joint Administration of Related Cases* filed August 6, 2010 [Docket No. 3] (the "Tormey Declaration"), EMAK is a holding company that provides services through its non-Debtor subsidiaries. Tormey Declaration at ¶ 6. EMAK Services is a

---

[4].  It is unclear whether these figures include Tormey's 2009 bonus of $225,000 which the Committee understands was paid to Tormey in January 2010. If this bonus is not included in the amounts disclosed by the Debtors, when added in it appears that Tormey's compensation in 2010 is already in excess of $700,000. If Tormey works for an additional 12 weeks at 30 hours per week (for the months of September through December 2010), at $400 per hour, her total salary in 2010 will be close to $1,000,000.

[5]  *Emergency Motion for Order Authorizing Debtors to Perform Consulting Agreements with Teresa Tormey, Roy Dar, Michael Sanders and Duane Johnson in the Ordinary Course* filed August 9, 2010 [Docket No. 9].

[6]  A true and correct copy of the affidavit is attached to the Friedlander Declaration as Exhibit AA.

4

wholly owned subsidiary of EMAK that provides back office support to the non-Debtor operating subsidiaries. Id.

## II.

## OBJECTION TO HOLBROOK INSIDER COMP NOTICE

The foregoing demonstrations of Holbrook's disloyalty, fraud, dishonesty, and gross mismanagement, as set forth more fully in the Friedlander Declaration, have resulted in significant harm to EMAK, including loss of its major client, extensive litigation, millions of dollars in legal fees, loss of financing and this resultant bankruptcy filing. In addition, as the Debtors engage in extremely limited business activities – in EMAK's case, no business activities whatsoever other than its status as a holding company for its operating subsidiaries – it is not clear why Holbrook's function is even necessary. No description of the specifics of his proposed function is provided by the Debtors, and, given the nature of the Debtors' limited businesses, the general statement that he will control the Debtors' "business operations" does not justify the exorbitant level of his proposed compensation.

It is clearly against the best interests of the estates and their creditors for Holbrook to maintain his current position with EMAK. Not only has Holbrook's loyalty to the Debtors been significantly called into question, but, for the foreseeable future, management of EMAK will include supervising and directing the ongoing litigation and bankruptcy proceedings that largely involve allegations against Holbrook himself. Further, to the extent that EMAK is merely a holding company and does not have any operations beyond passively holding shares of their non-Debtor subsidiaries, it appears unnecessary for EMAK to employ any person as a chief executive officer. Even was such a position necessary, it could be performed by a less controversial person with more modest compensation. Therefore, the Committee respectfully requests that the Insider Comp Notice filed on behalf of Holbrook be denied.

## III.

## **OBJECTION TO TORMEY INSIDER COMP NOTICE**

Although Tormey was previously employed by EMAK as general counsel, she was terminated pre-petition and has since been providing services as an external consultant. Pursuant to the Insider Comp Notice, the services to be provided by Tormey include (i) "management of all corporate legal matters"; (ii) "managing numerous litigations"; (iii) "principal liaison between counsel and Debtors"; (iv) "in-house legal advisor"; and (v) representing Debtors and performing acts necessary for these bankruptcy proceedings. These types of services are properly characterized as services typically rendered by an attorney representing a debtor; as such, the Debtors should be required to file an employment application for Tormey under Section 327 or 328 of the Bankruptcy Code.

As a general matter, persons who offer services normally performed by professionals, such as appraisers or management consultants, have been designated as "professionals" subject to the requirement of employment and fee application under the Bankruptcy Code, while persons who are involved in the "mechanics of a debtor's business" have been found not to be within that category of persons. In re Carolina Sales, Corp., 45 B.R. 750 (Bankr.E.D.N.C.1985); U.S. ex rel. Kraft v. Aetna Casualty & Surety Co., 43 B.R. 119 (M.D. Tenn. 1984). Factors considered by the courts involve not only the nature of the services performed, but also the effect of such person's services upon the administration of the bankruptcy case, and how central that role is to the reorganization proceedings. If the person seeking to be employed actually impacts upon the administration of the debtor's estate, that person should be deemed to be a professional person regardless of the label given to his or her function. In re Johns-Manville Corp., 60 B.R. 612, 620 (Bankr. S.D.N.Y.1986); In re Frederick Petroleum Corp., 75 B.R. 774, 779 (Bankr. S.D. Ohio 1987); In re Aladdin Petroleum Co., 85 B.R. 738 (Bankr. W.D. Tex. 1988). Here, there is no question that Tormey's services are

6

central to the administration of these bankruptcy cases and directly relate to the reorganization proceedings. As such, the Debtors' application to set Tormey's compensation through the Insider Comp Notices is insufficient to properly employ her as an estate professional, which should require a retention application and court approval under 11 U.S.C. § 327 or 328. See Palmer v. Statewide Group, 134 F.3d 378, at *3 (9th Cir. 1998) (stating absence of court approved retention application for special counsel precludes administrative claim).

Furthermore, Debtors provide no explanation for the excessive hourly rate to be paid to Tormey, especially given the mere oversight role she is expected to play. Assuming Tormey works 30 hours per week for 48 weeks, her compensation would be $576,000[7]; this is excessive (Tormey is not part of a law firm and presumably has no overhead costs), particularly for part-time work and given the fact that the Debtors have also retained outside counsel with billing rates of almost $1,000 per hour and an initial retainer of $1.1 million. Thus, the Committee respectfully requests that the Court deny the relief requested in the Insider Comp Notice related to Tormey, and require Tormey to be employed and compensated subject to the Court's review under 11 U.S.C. §§ 327 and 328.

///

///

///

---

[7]. In fact, it is possible that Tormey's total compensation for 2010 could be close to $1,000,000. See fn. 5, supra.

7

## IV.

## CONCLUSION

The Committee respectfully requests that the Court deny the relief requested in the Insider Comp Notices for the reasons explained above. The Committee further requests that the Court order such other relief as the Court deems proper.

Dated: September 7, 2010   OFFICIAL COMMITTEE OF UNSECURED CREDITORS

By: _____/s/ David L. Neale_____
  David L. Neale
  J.P. Fritz
  LEVENE, NEALE, BENDER, YOO
   & BRILL L.L.P.

*Proposed Attorneys for the Official
Committee of Unsecured Creditors*

**Exhibit A**

| Compensation: | See attached. |
|---:|---|
| Loans: | None. |
| Perquisites (Specify): | None. |

I declare under penalty of perjury that the answers contained in the foregoing Notice are true and correct.

Dated: 8/24/10

Teresa L. Tormey, Secretary

Print Name and Title of Authorized Agent for Debtor

Signature of Authorized Agent for Debtor

> Attach proof of service on Creditors' Committee or the Twenty Largest Creditors if no committee has been formed, and to any secured creditors that claim an interest in cash collateral.
> If this notice pertains to setting compensation, it must be filed and served fifteen days before any pay out of compensation, although compensation may be accrued during this period.
> If this notice pertains to an increase in compensation, it must be filed and served thirty days before the date when the proposed increase takes effect.

| | a. Employee's Social Security Number | For Official Office Use Only OMB No. 1545-0008 | |
|---|---|---|---|
| VOID ☐ | | | |
| b. Employer's identification number (EIN) 84-1664023 | | 1. Wages, tips, other compensation 693,085.68 | 2. Federal income tax withheld 180,322.26 |
| c. Employer's name, address, and Zip code EMAK Worldwide Service Corp 6330 San Vicente Blvd Los Angeles, CA 90048 | | 3. Social Security wages 106,800.00 | 4. Social security tax withheld 6,621.60 |
| | | 5. Medicare wages and tips 709,585.68 | 6. Medicare tax withheld 10,288.99 |
| | | 7. Social security tips | 8. Allocated tips |
| d. Control number 0035002599 | | 9. Advanced EIC payments | 10. Dependent care benefits |
| e. Employee's first name and Initial Teresa | Last name Tormey | Suff. | 11. Nonqualified plans | 12a. See instructions for box 12 D 16,500.00 |
| 13056 Maxella Ave #8 Marina Del Rey, CA 90292 | | 13. ☐ X ☐ | 12b. |
| | | 14. Other CASDI 997.36 | 12c. |
| | | | 12d. |
| f. Employee's name, address, and ZIP code | | | |

| 15. State | Employer's state ID Number | 16. State wages, tips, etc. | 17. State income tax | 18. Local wages, tips, etc. | 19. Local income tax | 20. Locality name |
|---|---|---|---|---|---|---|
| CA | 247-9805-0 | 693,085.68 | 64,554.32 | $ | $ | |

Form **W-2** Wage and Tax Statement  **2009**  Department of the Treasury - Internal Revenue Service
Copy D for Employer

For Privacy Act and Paperwork Reduction Act Notice, see back of Copy D

Cat. No. 10134O

Do Not Cut, Fold, or Staple Forms on This Page – Do Not Cut, Fold, or Staple Forms on This Page

Ceridian HR/Payroll                                                                                  Page 1 of 1

|  |  |  |  |  |  |  |  |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  | Check No: | A1823 |
|  |  |  |  |  |  | Check Date: | 7/30/2010 |
|  |  |  |  |  |  | Period Ending: | 7/31/2010 |
|  |  |  |  |  |  | Pay Frequency: | Semi-monthly |

| | | | | Status | Exempt | Tax Adjustments | State and Local Codes |
|---|---|---|---|---|---|---|---|
| TORMEY, TERESA | | ID Number: | 0035002598 | FED: SINGLE | 9 | FED: | ST: PR: CA LOC1: LOC3: |
| 13700 MARINA POINTE DR #1214 | | Base Rate: | 15,625.00 | ST1: SINGLE | 9 | D/I/FC: | SEC: LOC2: LOC4: |
| MARINA DEL REY, CA 90292 | | SSN: | | ST2: | | Local: | LOC5: |

Important Message

| Hours and Earnings | | | | Taxes and Deductions | | | Special Information | |
|---|---|---|---|---|---|---|---|---|
| | Current | | YTD | Description | Current Amount | YTD Amount | PERSONAL BAL | .00 |
| CONSULTING | 0.00 | 16,000.00 | 0.00 | 141,000.00 | | | | |
| CAR ALLOW | 0.00 | 1,200.00 | 0.00 | 8,400.00 | | | | |
| CELL PHONE | 0.00 | 200.00 | 0.00 | 1,400.00 | SO SEC TAX | 0.00 | 6,621.80 | |
| REGULAR | 86.67 | 15,625.00 | 1,213.38 | 218,750.00 | MEDICARE TAX | 478.86 | 6,981.68 | |
| BONUS | 0.00 | 0.00 | 0.00 | 0.00 | FED INC TAX | 9,655.93 | 130,926.15 | |
| RS STOCK | 0.00 | 0.00 | 0.00 | 0.00 | PRI-STATE TAX | 3,170.13 | 46,367.80 | |
| STOCK | 0.00 | 0.00 | 0.00 | 0.00 | SDI/UC TAX | 0.00 | 1,028.48 | |
| BONUS | 0.00 | 0.00 | 0.00 | 112,500.00 | Total Taxes | 13,304.92 | 191,925.71 | |
| Total H/E | 86.67 | 33,025.00 | 1,213.38 | 482,050.00 | | | | |

| Pre-Tax Items | | | | After Tax Deductions | | | Current Net Pay Distribution | |
|---|---|---|---|---|---|---|---|---|
| 401K | | -1,321.00 | -14,282.00 | 401K LOAN | 441.58 | 8,192.12 | | |
| MEDICAL | | 0.00 | -480.00 | DEN DOM PART | 0.00 | 68.00 | | |
| PRE-TAX DENTL | | 0.00 | -75.00 | EXPENSE | 0.00 | -1,528.91 | | |
| Total Pre-Tax | | -1,321.00 | -14,817.00 | MED DOM PART | 0.00 | 670.00 | | |
| Total | | | 31,704.00 | 467,233.00 | Total Per Deduction | 441.58 | 6,089.21 | |

| | Earnings | Pre-Tax | FIT Taxable | Less Taxes | Less Deds | EQ Net Pay | | |
|---|---|---|---|---|---|---|---|---|
| Current | 33,025.00 | -1,321.00 | 31,704.00 | 13,304.92 | 441.58 | 17,957.50 | | |
| YTD | 482,050.00 | -14,817.00 | 467,233.00 | 191,925.71 | 6,089.21 | 269,218.08 | Total Current Net Pay | 17,957.50 |

https://hrpayroll-ml.ceridian.com/EMAK/en-us/processinstruction.asp?PageID=EmpCheck...   8/17/2010

| Attorney Name, Address, Telephone and FAX | File with U.S. TRUSTEE Only |
|---|---|
| Jeffrey M. Reisner (State Bar No. 143715) - jreisner@irell.com<br>Michael H. Strub, Jr. (State Bar No. 153828) - mstrub@irell.com<br>Kerri A. Lyman (State Bar No. 241615) - klyman@irell.com<br>IRELL & MANELLA LLP<br>840 Newport Center Drive, Suite 400<br>Newport Beach, California 92660-6324<br>Telephone: (949) 760-0991<br>Facsimile: (949) 760-5200<br><br>[Proposed] Reorganization Counsel for the<br>Debtors and Debtors-in-Possession | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br><br>EMAK WORLDWIDE, INC. AND EMAK WORDWIDE SERVICE CORP.<br><br>Debtor(s) | Chapter 11 Case Number 2:10-bk-42779-RN<br>Jointly Administered with Case No.<br>2:10-bk-42784-RN |
|---|---|
| **NOTICE OF SETTING/INCREASING INSIDER COMPENSATION** | |

| 1. Name of Insider: | James L. Holbrook, Jr. |
|---|---|
| 2. Relationship to Debtor (i.e. owner, partner, officer, director, shareholder). | Officer, director and shareholder (less than 5%). |
| 3. Date when relationship with Debtor commenced: | November 14, 2005 |
| 4. Position title: | Chief Executive Officer and Director |
| 5. Position Description: | Mr. Holbrook is the highest ranking officer of the Debtors and serves as a member of the board of directors of each of the Debtors. |
| 6. Assigned Duties: | Mr. Holbrook is responsible for the general management and control of the affairs and business of the Debtors. |
| 7. Date employed in current position: | November 14, 2005 |
| 8. If previously employed by Debtor within past two years in a different position, state position(s) and date(s). | Inapplicable |
| 9. Number of hours worked per week: | 50-60 |
| 10. Total amount of compensation and payment interval: | $507,878.24 per annum |
| 11. Breakdown of compensation (specify | |

Revised February 2002         INSIDER COMPENSATION (Page 1 of 2)         USTLA-12

| amount and payment interval. | |
|---|---|
| Salary: | $500,000 per annum; $20,833.33 each pay period (bi-monthly) |
| Perquisites (total, detail below): | $0 |
| Car Allowance: | $0 |
| Medical Insurance: | $394.52 per month |
| Life Insurance: | $112 per month |
| Business Expenses: | Reimbursed upon submission of receipts in accordance with policy. |
| Other (Specify): | $150 cell phone allowance per month |
| 12. Identify the source of the funds to be used to pay compensations specified in No. 10: | Post-petition funds generated by the operating subsidiaries of Debtor EMAK Worldwide, Inc. |
| 13. Date and amount of last increase in compensation: | Mr. Holbrook has received no increases in compensation since commencement of employment on November 14, 2005. |
| 14. Identify any creditor who asserts a security interest (whether or not Debtor disputes the validity thereof) in the receipts generated by the operation of the Debtor=s business and the amount of its claim: | None. |
| 15. Specify all compensation, perquisites, loans, benefits etc. received by insider from the Debtor during the twelve month period immediately preceding the filing of the Chapter 11 Petition (Attach W-2, 1099, Individual Payroll Cards and other related forms): | A copy of Mr. Holbrook's 2009 Form W-2 is attached. A report of compensation paid during the period from January 1, 2010 through July 31, 2010 is also attached. Mr. Holbrook has not received any compensation since July 31, 2010. |
| Compensation: | See attached. |
| Loans: | None. |
| Perquisites (Specify): | None. |

I declare under penalty of perjury that the answers contained in the foregoing Notice are true and correct.

Dated: 8/24/10

Teresa L. Tormey, Secretary

Print Name and Title of Authorized Agent for Debtor

Signature of Authorized Agent for Debtor

---

Attach proof of service on Creditors Committee or the Twenty Largest Creditors if no committee has been formed, and to any secured creditors that claim an interest in cash collateral.

If this notice pertains to setting compensation, it must be filed and served fifteen days before any pay out of compensation, although compensation may be accrued during this period.

If this notice pertains to an increase in compensation, it must be filed and served thirty days before the date when the proposed increase takes effect.

---

Revised February 2002        INSIDER COMPENSATION (Page 2 of 2)        USTLA-12

| | | a. Employee's Social Security Number | For Official Office Use Only ▶ OMB No. 1545-0008 | |
|---|---|---|---|---|
| VOID ☐ | | | | |
| b. Employer's identification number (EIN) 84-1664023 | | | 1. Wages, tips, other compensation 475,334.08 | 2. Federal income tax withheld 126,351.48 |
| c. Employer's name, address, and Zip code EMAK Worldwide Service Corp 6330 San Vicente Blvd Los Angeles, CA 90048 | | | 3. Social Security wages 106,800.00 | 4. Social security tax withheld 6,621.60 |
| | | | 5. Medicare wages and tips 495,270.08 | 6. Medicare tax withheld 7,181.42 |
| | | | 7. Social security tips | 8. Allocated tips |
| d. Control number 0005002727 | | | 9. Advanced EIC payments | 10. Dependent care benefits |
| e. Employee's first name and initial James L | Last name Holbrook | Suff. | 11. Nonqualified plans | 12a. See instructions for box 12 D  19,936.00 |
| 6330 San Vicente Blvd Los Angeles, CA 90048 | | | 13. ☐ ☒ ☐ | 12b. |
| | | | 14. Other CASDI    997.36 | 12c. |
| | | | | 12d. |
| f. Employee's name, address, and ZIP code | | | | |
| 15. State CA | 16. Employer's state ID Number 247-98-05-0 | 16. State wages, tips, etc. 475,334.08 | 17. State income tax 39,647.50 | 18. Local wages, tips, etc. $    19. Local income tax $    20. Locality name |

Form **W-2** Wage and Tax Statement    **2009**    Department of the Treasury - Internal Revenue Service
Copy D for Employer    For Privacy Act and Paperwork Reduction Act Notice, see back of Copy D

Cat. No. 10134D

Do Not Cut, Fold, or Staple Forms on This Page — Do Not Cut, Fold, or Staple Forms on This Page

Ceridian HR/Payroll                                                                 Page 1 of 1

|  |  |  |  |  |  |  |  |
|---|---|---|---|---|---|---|---|
| Check No: | A1615 |
| Check Date: | 7/30/2010 |
| Period Ending: | 7/31/2010 |
| Pay Frequency: | Semi-monthly |

HOLBROOK, JAMES L.
6330 SAN VICENTE BL
LOS ANGELES, CA 90048

| ID Number: | 0005002727 | Status | Exempt | Tax Adjustments | State and Local Codes |
|---|---|---|---|---|---|
| Base Rate: | 20,833.33 | FED: MARRIED | 6 | FED: | ST: PRI: CA  LOC1:   LOC3: |
| SSN: |  | ST1: MARRIED | 6 | DI/UC: | SEC:   LOC2:   LOC4: |
|  |  | ST2: |  | Local: |   LOC5: |

Important Message

### Hours and Earnings

| | Current | | YTD | | | Current | YTD | | |
|---|---|---|---|---|---|---|---|---|---|
|  |  |  |  | Description | Amount | Amount | | PERSONAL BAL | .00 |
| CELL PHONE | 0.00 | 150.00 | 0.00 | 1,050.00 | | | | | |
| REGULAR | 89.67 | 20,833.33 | 1,213.38 | 291,666.62 | | | | | |
| CAR ALLOW | 0.00 | 0.00 | 0.00 | 0.00 | SO SEC TAX | 0.00 | 6,621.60 | | |
| STOCK | 0.00 | 0.00 | 0.00 | 0.00 | MEDICARE TAX | 298.98 | 7,795.50 | | |
| BONUS | 0.00 | 0.00 | 0.00 | 250,000.00 | FED INC TAX | 5,226.60 | 135,304.90 | | |
| Total H/E | 89.67 | 20,983.33 | 1,213.38 | 542,716.62 | PRI-STATE TAX | 1,802.98 | 50,706.40 | | |
|  |  |  |  |  | SDI/UC TAX | 0.00 | 1,026.48 | | |
|  |  |  |  |  | Total Taxes | 7,328.56 | 201,454.88 | | |

### Pre-Tax Items

|  |  |  | After Tax Deductions |  |  | Current Net Pay Distribution |
|---|---|---|---|---|---|---|
| 401K |  | -916.00 | -12,824.00 | EXPENSE | -1,739.54 | -46,551.94 |
| MEDICAL |  | -295.00 | -4,130.00 |  |  |  |
| VISION |  | -5.00 | -70.00 |  |  |  |
| PRE-TAX DENTL |  | -39.00 | -546.00 |  |  |  |
| FLEX SPND HC |  | -25.00 | -350.00 |  |  |  |
| Total Pre-Tax |  | -1,280.00 | -17,920.00 |  |  |  |
| Total | | 19,703.33 | 524,796.62 | Total Per Deduction | -1,739.54 | -46,551.94 |

| | Earnings | Pre-Tax | FIT Taxable | Less Taxes | Less Deds | EC Net Pay | |
|---|---|---|---|---|---|---|---|
| Current | 20,983.33 | -1,280.00 | 19,703.33 | 7,328.56 | -1,739.54 | 14,114.31 | |
| YTD | 542,716.62 | -17,920.00 | 524,796.62 | 201,454.88 | -46,551.94 | 369,693.58 | Total Current Net Pay  14,114.31 |

https://hrpayroll-ml.ceridian.com/EMAK/en-us/processinstruction.asp?PageID=EmpCheck...   8/17/2010

| In re EMAK WORLDWIDE, INC.<br>In re EMAK WORLDWIDE SERVICE CORP.<br>Debtor(s). | CHAPTER 11<br>CASE NO 2:10-bk-42779-RN<br>Jointly Administered with<br>Case No. 2:10-bk-42784-RN |
|---|---|

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10250 Constellation Blvd., Ste. 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document described as OPPOSITION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTORS' NOTICES OF SETTING/INCREASING INSIDER COMPENSATION will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **September 7, 2010** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Ron Bender    rb@lnbrb.com
- Russell Clementson    russell.clementson@usdoj.gov
- Daniel Denny    ddenny@gibsondunn.com
- Joseph A Eisenberg    jae@jmbm.com
- John-patrick M Fritz    jpf@lnbrb.com
- Irving M Gross    img@lnbrb.com, angela@lnbrb.com
- Kerri A Lyman    klyman@irell.com
- David L. Neale    dln@lnbrb.com
- Justin E Rawlins    jrawlins@winston.com, docketla@winston.com
- Jeffrey M. Reisner    jreisner@irell.com
- Jeffrey Rosenfeld    jeffrey.rosenfeld@bingham.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On **September 7, 2010** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

Service via U.S. Mail
*Debtor*
EMAK Worldwide, Inc.,
6330 San Vicente Blvd
Los Angeles, CA 90048

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **September 7, 2010** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

1

Service via Email:

Donald Kurz
Email: dkurz@diamondcapitalpartners.com

Joel Friedlander, Esq.
Email: jfriedlander@bmf-law.com

Attn: John C. Kirkland, Esq.
Email: jkirkland@luce.com

Michael Sanders
Email: mikew.sanders@gmail.com

Via Attorney Service
Hon. Richard M. Neiter
United States Bankruptcy Court
Courtroom 1645
255 East Temple Street
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct

| September 7, 2010 | Jason Klassi | /s/ Jason Klassi |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                           F9013-3.1

2