1 | IRELL & MANELLA LLP
Jeffrey M. Reisner (State Bar No. 143715)
2 | jreisner@irell.com
Michael H. Strub, Jr. (State Bar No. 153828)
3 | mstrub@irell.com
Kerri A. Lyman (State Bar No. 241615)
4 | klyman@irell.com
840 Newport Center Drive, Suite 400
5 | Newport Beach, California 92660-6324
Telephone:  (949) 760-0991
6 | Facsimile:   (949) 760-5200

7 | Reorganization Counsel for the
Debtors and Debors-in Possession

8

<div style="border:1px solid blue">

**FILED & ENTERED**

APR 15 2011

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY mai          DEPUTY CLERK

</div>

9

## UNITED STATES BANKRUPTCY COURT

10

## CENTRAL DISTRICT OF CALIFORNIA

11

## LOS ANGELES DIVISION

12

13 | In re

14 | ☒  EMAK WORLDWIDE, INC., a Delaware corporation,

15 | ☒  EMAK WORLDWIDE SERVICE CORP., a Delaware corporation,

16

17 |              Debtors and Debtors-in-Possession.

18

19

Case No. 2:10-bk-42779-RN

Jointly Administered with:
Case No. 2:10-bk-42784-RN

Chapter 11

**ORDER: (1) APPROVING DISCLOSURE STATEMENT; (2) APPROVING NOTICE PROCEDURES; (3) ESTABLISHING CURE PROCEDURES; AND (4) ESTABLISHING CONFIRMATION PROCEDURES AND DEADLINES**

Disclosure Statement Hearing
Date:    April 14, 2011
Time:   11:00 a.m.
Place:   Courtroom 1645
             255 East Temple Street
             Los Angeles, CA 90012

20

21

22

23

24

25 |       The "Motion for Order: (1) Approving Disclosure Statement; (2) Approving Notice

26 | Procedures; (3) Establishing Cure Procedures; and (4) Establishing Confirmation Procedures and

27 | Deadlines" filed on March 17, 2011 [Docket No. 341] (the "Motion") filed by EMAK Worldwide,

28 | Inc., a Delaware corporation ("EMAK") and EMAK Worldwide Service Corp., a Delaware

2415347.2 03

corporation ("EMAK Service"), the debtors and debtors-in-possession in these jointly

administered cases (together, the "Debtors"), was considered by the Court on April 14, 2011, at

11:00 a.m.  Appearances made at the hearing are reflected on the record of the hearing.  Among

other things, the Motion sought approval of the *Revised First Amended Disclosure Statement in*

*Support of the Debtors' Revised First Amended Joint Plan of Reorganization (Dated April 11,*

*2011)* (the "Disclosure Statement"), and approval of procedures and deadlines related to

confirmation of the Debtors' *Revised First Amended Joint Plan of Reorganization for EMAK*

*Worldwide, Inc. and EMAK Worldwide Service Corp. Dated April 11, 2011* (the "Plan").

Unless defined differently herein, capitalized terms in this Order have the meanings

ascribed to them in the Motion.

After consideration of the Motion, the Disclosure Statement, any objections or responses to

the Disclosure Statement that were filed with the Court, the records and files in these chapter 11

cases, and the arguments of counsel, and the Court having determined that notice of this core

proceeding was appropriate under the circumstances, and good cause appearing therefor, it is

hereby

**ORDERED THAT:**

1.      The Motion is granted.

2.      The Disclosure Statement is approved as containing adequate information in

accordance with section 1125 of the Bankruptcy Code.

3.      The Debtors have provided adequate notice of the time fixed for filing objections

and the hearing to consider approval of the Disclosure Statement in accordance with Bankruptcy

Rules 2002 and 3017.

4.      The Court is not making any findings that any statement in the Disclosure

Statement is accurate.

5.      To the extent that any objections to the adequacy of the information contained in

the Disclosure Statement have not been otherwise resolved, such objections are overruled.

6.      The procedures set forth in the Motion concerning the transmittal of the Solicitation Packages[1] and the Confirmation Hearing Notice are approved.

7.      The Debtors are authorized to serve the Solicitation Packages, via first-class mail, via paper copy, or in "PDF" format on a CD-ROM, at the Debtors' discretion.

8.      April 21, 2011 shall be the last day for the Debtors to mail the Solicitation Packages to those entities entitled to receive them.

9.      The Confirmation Hearing Notice, substantially in the form attached hereto as Exhibit 1, complies with the requirements of Bankruptcy Rules 2002(b), 2002(c)(3), and 2002(d), and is hereby approved.

10.      The Class 5-A Ballot, substantially in the form attached hereto as Exhibit 2, is hereby approved.

11.      A flowchart summarizing the confirmation timeline and relevant deadlines is attached hereto as Exhibit 3.

12.      The following procedures for the solicitation and tabulation of votes on the Plan are approved:

      a.      The Voting Record Date shall be (a) April 14, 2011 for determining (i) the Holders of Claims and Equity Interests that are entitled to receive the Solicitation Packages and (ii) the Holders of Claims and Equity Interests entitled to vote to accept or reject the Plan; and (b) March 15, 2011 for determining the Holders of Common Equity Interests in EMAK that are entitled to participate in the Crown EMAK Settlement.

      b.      The amount of an Equity Interest for voting purposes shall be the amount as listed in the Debtors' schedules, as amended.

      c.      If a proof of interest in a specified liquidated amount has been timely filed and is neither the subject of an objection filed before the Confirmation Hearing, nor

---

[1] The Solicitation Packages shall be comprised of the Plan, the Plan Supplement, the Disclosure Statement, the Confirmation Hearing Notice, this Order, and, (i) if entitled to vote, a Ballot and a pre-addressed return envelope, or, (ii) if entitled to participate in the Crown EMAK Settlement, a Designation and Release Form and pre-addressed return envelope.

has been disallowed prior to the Confirmation Hearing, the amount of the

Equity Interest for voting purposes shall be such specified liquidated amount.

d.  If a shareholder casts more than one ballot voting the same Equity Interest

before the last day for submitting ballots, the last ballot received prior to the

deadline for submitting ballots shall supersede any prior ballot(s), even if the

dollar amount of the earlier Equity Interest was greater.

e.  Votes cast by a shareholder pursuant to a ballot that is not signed or is not

timely received shall not be counted.

f.  Signed ballots that are timely received but which do not indicate any vote on

the Plan shall be treated as a vote to accept the Plan.

g.  All Ballots shall be returned to the Debtors' reorganization counsel at the

following address: Lori Gauthier, Irell & Manella LLP, 840 Newport Center

Drive Ste. 400, Newport Beach, CA 92660 ("I&M").

13.     May 19, 2011 at 5:00 p.m., shall be the last day and time for all shareholders to

deliver Ballots to I&M.  Ballots must be completed and returned to, and actually received by I&M

on or before May 19, 2011, at 5:00 p.m. (PDT), to be valid and counted.

14.     I&M is designated as the entity that will tabulate the ballots on the Plan and prepare

the ballot summary to be submitted prior to the hearing on the confirmation of the Plan (the

"Ballot Summary").

15.     Holders of Common Equity Interests in EMAK may elect to participate in the

Crown EMAK Settlement by returning the Designation and Release Form.  The following

procedures with respect to accurately accounting for participation in the Crown EMAK Settlement

are approved:

a.  Eligibility to participate in the Crown EMAK Settlement shall be determined by

the amount as listed in the official registered list compiled by EMAK's transfer

agent, Continental Stock Transfer & Company (the "Registered List"), which is

inclusive of the list of beneficial shareholders reflected in the list of non-

objecting beneficial owners compiled by Broadridge, a brokerage processing

4

and investor communications firm, both as of March 15, 2011 (the "<u>Broadridge</u>

<u>Report</u>").

      b.   Any unsigned Designation and Release Forms shall be void.

      c.   Designation and Release Forms that are submitted after the Settlement Deadline

(May 19, 2011 at 5:00pm PDT) shall be void unless expressly accepted by

Crown EMAK.

      d.   All Designation and Release Forms shall be returned to Gibson, Dunn &

Crutcher LLP ("<u>Gibson Dunn</u>"), Attn: Daniel B. Denny, Esq., 333 South Grand

Avenue, Los Angeles, California 90071-3197.

      16.    May 19, 2011 at 5:00 p.m., shall be the last day and time for all Holders of

Common Interests in EMAK to deliver Designation and Release Forms to Gibson Dunn.

Designation and Release Forms must be completed and returned to, and actually received by

Gibson Dunn on or before May 19, 2011, at 5:00 p.m. (PDT), to be valid and counted.  Crown

EMAK may, in its sole discretion, accept Designation and Release Forms received after May 19,

2011.

      17.    May 19, 2011 at 5:00 p.m. (PDT), is the last day and time to file with the Court and

serve on (1) Debtors' bankruptcy counsel, (2) Counsel for Crown EMAK, (3) counsel for the

Committee, and (4) counsel for the Office of the United States Trustee (the "<u>OUST</u>"), any

objections to confirmation of the Plan.  Any such objections shall be served on the above-specified

parties at the addresses set forth in the Confirmation Hearing Notice.  The following procedures

shall apply to the admissibility of any objection to confirmation of the Plan:

      a.   An objection to confirmation of the Plan must be in writing and accompanied

by a memorandum of points and authorities and specify in detail: (i) the name

and address of the entity filing the objection; (ii) the grounds of such objection;

(iii) the evidentiary support for the objection in the form of affidavits under

oath or declarations submitted under penalty of perjury; and (iv) the amount of

the objector's claims or such other grounds that give the objector standing to

assert any objection to the Plan.

5

b.  Any objection not timely filed and served shall be deemed to be waived and to be a consent to the Court's entry of an order confirming the Plan.

c.  Any evidence that is not timely filed and served as provided above shall be stricken from the record and will not be considered in determining contested matters at the Confirmation Hearing.

d.  All declarants or affiants must appear and be available, without need for subpoena, for cross-examination at the Confirmation Hearing (except for declarants making declarations of service and the ballot tabulation, unless such testimony is put in issue).  The testimony of any declarant or affiant who is not present himself or herself for cross-examination at the Confirmation Hearing will be stricken from the record and will not be considered in determining contested matters at the Confirmation Hearing, unless such party's appearance has been excused by order of this Court.

18.    Pursuant to Section VI of the Plan, the Executory Contracts and Unexpired Leases listed on Exhibit 7 to the Plan or the Plan Supplement shall be deemed Assumed as of the Effective Date, subject to the provisions and requirements of sections 365 and 1123 of the Bankruptcy Code.

19.    Any monetary defaults under each Assumed Executory Contract and Unexpired Lease shall be satisfied, pursuant to section 365(b)(1) of the Bankruptcy Code, by payment of the cure amount set forth on Exhibit 7 to the Plan or the Plan Supplement (the "Cure Amount") in cash as soon as practicable after the Effective Date, or upon such other terms as the parties to such Assumed Contract or Lease may agree.

20.    The following procedures permitting parties to the Assumed Contracts and Leases to challenge the Debtors' calculation of the required Cure Amounts are approved:

a.  In addition of the Solicitation Package, the Debtors shall serve upon each of the parties to the Assumed Contracts and Leases a notice of cure amount (the "Cure Notice"), with a copy of the list of Assumed Contracts and Leases, which describes the deadline and procedure for objecting to the Cure Amount, if disputed.

b.   April 21, 2011, shall be the last day for the Debtors to mail the Cure Notices and May 19, 2011, shall be the deadline for a counterparty to an Assumed Contract or Lease to file and serve any objections to the Cure Amount.

c.   Objections to the Cure Amount must be in writing and must set forth in detail the specific objection and the grounds for the objection, and what Cure Amount the objecting party believes is required.  Any objection to the Cure Amount must be accompanied by appropriate supporting documentation and evidence demonstrating the calculation of the Cure Amount as claimed.  Any objection to the Cure Amount must be filed with the Court and served on (a) counsel for the Debtors, Jeffrey M. Reisner, Esq. and Kerri A. Lyman, Esq., Irell & Manella LLP, 840 Newport Center Drive, Suite 400, Newport Beach, California 92660;  (b) counsel for Crown EMAK, Oscar Garza, Esq., Gibson, Dunn & Crutcher LLP, 3161 Michelson Drive, Irvine, CA 92612; (c) counsel for the Official Committee of Unsecured Creditors, David Neale, Esq. and John-Patrick Fritz, Esq., Levene, Neale, Bender, Yoo & Brill LLP, 10250 Constellation Boulevard, Suite 1700, Los Angeles, California 90067; and (d) Russell Clementson, Esq., Office of the United States Trustee, 725 S. Figueroa Street, Suite 2600, Los Angeles, CA 90017.

d.   If parties to the Assumed Contracts and Leases fail to timely object to the Cure Amounts, such parties shall be deemed to have consented to the assumption of the Assumed Contracts and Leases and shall be irrevocably bound to the assumption of the Assumed Contracts and Leases and to the Cure Amount, and will be barred and permanently enjoined from asserting any amounts in excess of the Cure Amounts as a condition to assumption of the Assumed Contracts and Leases.

e.   If  a timely objection to a Cure Amount is filed, the Court shall determine the appropriate Cure Amount at a hearing to be set by the Court prior to or at held concurrently with the Confirmation Hearing (unless otherwise agreed by the Debtors).

21.    The Debtors may modify the Plan at any time prior to the Effective Date to reject any of the Assumed Contracts and Leases in the event that the Court increases the Cure Amount for a particular contract or lease above that specified in the Cure Notice, or the Debtors believe, in

7

1  their discretion, that assumption is undesirable, in which case, the parties to the rejected Assumed

2  Contracts and Leases may file a rejection claim.

3        22.    The hearing on the confirmation of the Plan shall take place before the Court on

4  June 9, 2011 at 2:00 p.m..  The hearing may be adjourned or continued from time to time

5  thereafter by announcement at the hearing, without any further written notice.

6        23.    On or before May 23, 2011, the Debtors shall file the Ballot Summary.

7        24.    On or before May 25, 2011, the Debtors shall file a memorandum in support of

8  confirmation of the Plan (the "Confirmation Memorandum"), declarations in support thereof  and

9  any response to any timely filed and served objection to confirmation of the Plan, and shall serve a

10  copy of the Confirmation Memorandum on (1) Crown EMAK and its counsel, (2) the Committee

11  and its counsel, (3) the OUST, and (4) each party, if any, who has objected to confirmation of the

12  Plan.  The Confirmation Memorandum shall include evidence in support of the requirements of 11

13  U.S.C. § 1129.

14        25.    May 31, 2011, is the last day and time to file with the Court and serve on (1)

15  Debtors' bankruptcy counsel, (2) Counsel for Crown EMAK, (3) counsel for the Committee, and

16  (4) counsel for OUST any objections to the Confirmation Memorandum or the Ballot Summary.

17  Any such objections must be in writing shall be served on the above-specified parties at the

18  addresses set forth in the Confirmation Hearing Notice.

19                                    # # #

20

21

22

23

24

25

DATED: April 15, 2011

26                                    _____
                                    United States Bankruptcy Judge

27

28

                                       8

# EXHIBIT "3"



**EMAK and EMAK Service Confirmation Time Line**

April 11, 2011
— First Amended Plan of Reorganization Filed
— First Amended Disclosure Statement Filed

April 14, 2011 — Hearing to approve Disclosure Statement, solicitation procedures, to establish certain deadlines, etc.

April 14, 2011 — Court enters order approving Disclosure Statement

April 21, 2011 — Last day to mail solicitation packages and confirmation hearing notices

May 19, 2011 — Last day to submit ballots & Design. & Release Forms; last day to file and serve objections to confirmation and to cure amounts

May 23, 2011 — Last day to file ballot summary

May 25, 2011 — Last day to file memorandum in support of confirmation of Plan

May 31, 2011 — Last day to file replies to confirmation brief and objections to ballot summary

June 9, 2011 @ 2:00 p.m. — Confirmation hearing

2365661

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "1"

1  IRELL & MANELLA LLP
   Jeffrey M. Reisner (State Bar No. 143715)
2  jreisner@irell.com
   Michael H. Strub, Jr. (State Bar No. 153828)
3  mstrub@irell.com
   Kerri A. Lyman (State Bar No. 241615)
4  klyman@irell.com
   840 Newport Center Drive, Suite 400
5  Newport Beach, California  92660
   Telephone:    (949) 760-0991
6  Facsimile:    (949) 760-5200
   Reorganization Counsel for the Debtors and Debtors-in-Possession
7

8              **UNITED STATES BANKRUPTCY COURT**
        **CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

9  In re                                           )  Case No. 2:10-bk-42779-RN
                                                    )  [Jointly Administered With:
10  ☒  EMAK WORLDWIDE, INC., a Delaware             )  Case No. 2:10-bk-42784-RN]
    corporation,                                    )
11                                                  )  Chapter 11
                                                    )
12  ☒  EMAK WORLDWIDE SERVICE CORP., a              )
    Delaware corporation,                           )  **NOTICE OF:**
13                                                  )
                                                    )  **(1)  ORDER: (1) APPROVING**
14          Debtors and Debtors-in-Possession.      )  **DISCLOSURE STATEMENT; (2)**
                                                    )  **APPROVING NOTICE PROCEDURES; (3)**
15                                                  )  **ESTABLISHING CURE PROCEDURES;**
                                                    )  **AND (4) ESTABLISHING CONFIRMATION**
16                                                  )  **PROCEDURES AND DEADLINES**
                                                    )
17                                                  )  **(2)  HEARING ON CONFIRMATION OF**
                                                    )  **THE REVISED FIRST AMENDED JOINT**
18                                                  )  **PLAN OF REORGANIZATION FOR EMAK**
                                                    )  **WORLDWIDE, INC. AND EMAK**
19                                                  )  **WORLDWIDE SERVICE CORP.  (DATED**
                                                    )  **APRIL 11, 2011)**
20                                                  )
                                                    )  **(3)  LAST DAY TO CAST BALLOTS**
21                                                  )  **ACCEPTING OR REJECTING THE**
                                                    )  **REVISED FIRST AMENDED JOINT  PLAN**
22                                                  )  **OF REORGANIZATION FOR EMAK**
                                                    )  **WORLDWIDE, INC. AND EMAK**
23                                                  )  **WORLDWIDE SERVICE CORP.  (DATED**
                                                    )  **APRIL 11, 2011)**
24                                                  )
                                                    )  **(4)  LAST DATE FOR FILING WRITTEN**
25                                                  )  **OBJECTIONS TO THE REVISED FIRST**
                                                    )  **AMENDED JOINT  PLAN OF**
26                                                  )  **REORGANIZATION FOR EMAK**
                                                    )  **WORLDWIDE, INC. AND EMAK**
27                                                  )  **WORLDWIDE SERVICE CORP.  (DATED**
                                                    )  **APRIL 11, 2011)**
28                                                  )
                                                    )  **(5)  LAST DATE TO RETURN**
                                                    )  **DESIGNATION AND RELEASE FORMS**
                                                    )  **FOR PARTICIPATION IN CROWN EMAK**
                                                    )  **SETTLEMENT**

                                10

| | |
|---|---|
| ) | **(6)  LAST DATE FOR DEBTORS TO FILE CONFIRMATION MEMORANDUM AND BALLOT TALLY** |
| ) | |
| ) | |
| ) | **(6)  LAST DATE FOR FILING OBJECTIONS TO CURE AMOUNTS** |
| ) | |
| ) | |
| ) | Plan Confirmation Hearing |
| ) | Date:    June 9, 2011 |
| ) | Time:   2:00 p.m. |
| ) | Place:  Courtroom 1645 |
| ) |              255 East Temple Street |
| ) |              Los Angeles, CA  90012 |

      **TO THE OFFICE OF THE UNITED STATES TRUSTEE, ALL CREDITORS AND PARTIES-IN-INTEREST:**

      **PLEASE TAKE NOTICE** that on or about April ____, 2011, the Bankruptcy Court entered an order approving the *Revised First Amended Disclosure Statement in Support of Debtors' First Amended Joint Plan of Reorganization (Dated April 11, 2011)* (the "Disclosure Statement") filed by EMAK Worldwide, Inc., a Delaware corporation ("EMAK") and EMAK Worldwide Service Corp., a Delaware corporation ("EMAK Worldwide"), the debtors and debtors-in-possession in these jointly administered cases (together, the "Debtors").  The Disclosure Statement relates to the *Revised First Amended Joint Plan of Reorganization for EMAK Worldwide, Inc. and EMAK Worldwide Service Corp. (Dated April 11, 2011)* (the "Plan"),[2] filed by the Debtors and Crown EMAK Partners, LLC ("Crown EMAK") as plan proponents.

      Transmitted herewith are copies of the following, either by paper copy or in "PDF" format on a CD-ROM:

      (1)      The Plan;
      (2)      The Disclosure Statement;
      (3)      The Plan Supplement; and
      (4)      Order Approving the Disclosure Statement.

      If you are entitled to vote to accept or reject the Plan, also included herewith is:

      (4)      A ballot for the acceptance or rejection of the Plan and a pre-addressed return envelope.

      If you are entitled to participate in the Crown EMAK Settlement, also included herewith is:

      (5)      A Designation and Release Form and a pre-addressed return envelope.

      You may request copies of the Plan, Disclosure Statement, the Order approving the Disclosure Statement, and other materials by contacting the Debtors' counsel in writing at Irell & Manella LLP, Attn: Lori Gauthier, Paralegal, 840 Newport Center Drive, Suite 400, Newport Beach, CA 92660-6324, Facsimile: (949) 760-5200, Email: lgauthier@irell.com.  Requests for copies of the Plan and the Disclosure Statement shall be honored only if made in writing and mailed, delivered, or transmitted via fax, or e-mailed to the addresses set forth in this paragraph.

      **THE HEARING FOR CONSIDERATION OF THE PLAN AND ANY OBJECTIONS THAT MAY BE MADE TO THE CONFIRMATION OF THE PLAN WILL BE HELD ON JUNE 9, 2011, AT 2:00 P.M. (PDT), BEFORE THE HONORABLE RICHARD M. NEITER, UNITED STATES**

---

[2] Capitalized terms not defined herein shall have the meaning set forth in the Plan or the related Plan Documents.

**BANKRUPTCY JUDGE, IN COURTROOM 1645 OF THE ABOVE-ENTITLED COURT, LOCATED AT 255 EAST TEMPLE STREET, LOS ANGELES, CA 90012.**

**PLEASE TAKE FURTHER NOTICE** that May 19, 2011, at 5:00 p.m. (PDT) is the last date and time for filing and serving, pursuant to Rule 3020(b)(1) of the Federal Rules of Bankruptcy Procedure, written objections to confirmation of the Plan.  Any creditor or interested party who wishes to object to the Plan must file a written objection with the Clerk of the Bankruptcy Court, located at Edward R. Roybal Federal Building and Courthouse, 255 E. Temple Street, Room 940, Los Angeles, CA 90012.  Such objection must also be served, such that any objection is received by no later than 5:00 p.m. (PDT), on May 19 2011, upon (a) counsel for the Debtors at the addresses located in the upper left-hand corner of this Notice, (b) counsel for Crown EMAK, c/o Gibson Dunn & Crutcher, LLP, Attn: Oscar Garza, Esq., 3161 Michelson Drive, Irvine, CA 92612, (c) counsel for the Official Committee of Unsecured Creditors, Levene, Neale, Bender, Yoo & Brill, Attn: David Neale, Esq. and John-Patrick Fritz, Esq., 10250 Constellation Blvd., Suite 1700, Los Angeles, CA 90067, and (d) the Office of the United States Trustee, Attn: Russell Clementson, Esq., 725 S. Figueroa Street, Suite 2600, Los Angeles, CA 90017-5413.  Any objections to the Plan not filed and served as set forth herein may be deemed waived.

**PLEASE TAKE FURTHER NOTICE** that the Voting Record Date shall be (a) April 14, 2011 for determining (i) the Holders of Claims and Equity Interests that are entitled to receive the Solicitation Packages and (ii) the Holders of Claims and Equity Interests entitled to vote to accept or reject the Plan; and (b) March 15, 2011 for determining the Holders of Common Equity Interests in EMAK that are entitled to participate in the Crown EMAK Settlement.

**BY ORDER OF THE COURT, WRITTEN BALLOTS ACCEPTING OR REJECTING THE PLAN MUST BE ACTUALLY RECEIVED BY THE DEBTORS' BANKRUPTCY COUNSEL ON OR BEFORE <u>MAY 19, 2011, AT 5:00 P.M. (PDT)</u>.**

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Plan, Crown EMAK will offer Holders of Common Equity Interests in EMAK (Class 6-A), who otherwise receive nothing under the Plan, the option to receive (a) a Cash payment of $0.10 per share (for each Holder that owns 150,000 or fewer shares of Common Equity Interests in EMAK as of the Voting Record Date) from Crown EMAK; or (b) one share of New Common Stock in Newco (an Illinois corporation to be known as EMAK Holdings, Inc.) from Crown EMAK for each share of common stock owned by a Holder that own more than 150,000 shares of Common Equity Interests in EMAK as of the Voting Record Date and that make typical private placement representations,  in exchange for a release of all claims against the Debtors, the Debtors' subsidiaries, Crown EMAK, certain Crown affiliates, various current and former officers of the Debtors, and certain Related Persons of each of the foregoing (the "<u>Crown EMAK Settlement</u>").

**BY ORDER OF THE COURT, <u>MAY 19, 2011, AT 5:00 P.M. (PDT)</u> IS THE LAST DAY AND TIME FOR ALL HOLDERS OF COMMON INTERESTS IN EMAK TO DELIVER DESIGNATION AND RELEASE FORMS. THE DESIGNATION AND RELEASE FORMS MUST BE ACTUALLY RECEIVED BY GIBSON DUNN & CRUTCHER ATTN: DANIEL B. DENNY, ESQ. 333 SOUTH GRAND AVENUE, LOS ANGELES, CA 90071-3197 ON OR BEFORE <u>MAY 19, 2011, AT 5:00 P.M. (PDT)</u>.**[3]

**PLEASE TAKE FURTHER NOTICE** that April 21, 2011, has been fixed as the last day for the Debtors to serve upon each of the parties to the Assumed Contracts and Leases a notice of cure amount (the "<u>Cure Notice</u>"), together with a copy of the list of Assumed Contracts and Leases, which describes the deadline and procedure for objecting to the Cure Amount, if disputed.

**PLEASE TAKE FURTHER NOTICE** that May 19, 2011 at 5:00 p.m. (PDT), is fixed as the last day to file and serve any objections to the Cure Amount.  Objections to the Cure Amount must be in

---

[3] Crown EMAK may, in its sole discretion, accept Designation and Release Forms received after May 19, 2011 at 5:00 p.m.

writing and must set forth in detail the specific objection and the grounds for the objection, and what Cure Amount the objecting party believes is required.  Any objection to the Cure Amount must be accompanied by appropriate supporting documentation and evidence demonstrating the calculation of the Cure Amount as claimed.  Any objection to the Cure Amount must be filed with the Court and served on (a) counsel for the Debtors, Jeffrey M. Reisner, Esq. and Kerri A. Lyman, Esq., Irell & Manella LLP, 840 Newport Center Drive, Suite 400, Newport Beach, California 92660;  (b) counsel for Crown EMAK, Oscar Garza, Esq., Gibson, Dunn & Crutcher LLP, 3161 Michelson Drive, Irvine, CA 92612; (c) counsel for the Official Committee of Unsecured Creditors, David Neale, Esq. and John-Patrick Fritz, Esq., Levene, Neale, Bender, Yoo & Brill LLP, 10250 Constellation Boulevard, Suite 1700, Los Angeles, California 90067; and (d) Russell Clementson, Esq., Office of the United States Trustee, 725 S. Figueroa Street, Suite 2600, Los Angeles, CA 90017.

**PLEASE TAKE FURTHER NOTICE** that May 23, 2011 has been fixed as the last day for the Debtors to file a summary of all ballots cast for and against the Plan (the "Ballot Summary").

**PLEASE TAKE FURTHER NOTICE** that May 25, 2011 has been fixed as the last day for the Debtors to file a memorandum in support of confirmation of the Plan (the "Confirmation Memorandum"), declarations in support thereof  and any response to any timely filed and served objection to confirmation of the Plan, and shall serve a copy of the Confirmation Memorandum on (1) Crown EMAK and its counsel, (2) the Committee and its counsel, (3) the OUST, and (4) each party, if any, who has objected to confirmation of the Plan.  The Confirmation Memorandum shall include evidence in support of the requirements of 11 U.S.C. § 1129.

**PLEASE TAKE FURTHER NOTICE:** that May 31, 2011 has been fixed as the last day to file with the Court and serve on (1) Debtors' bankruptcy counsel, (2) Counsel for Crown EMAK, (3) counsel for the Committee, and (4) counsel for OUST any objections to the Confirmation Memorandum or the Ballot Summary.  All objections must be in writing.

**PLEASE TAKE FURTHER NOTICE** that Section XI.B.2 provides the following:

### *Release by Crown and Crown EMAK*

*Except as otherwise provided in the Plan, the Confirmation Order or in any contract, instrument, release or other agreement entered into, delivered, assumed or preserved under or in connection with the Plan, with respect to Claims related to the Debtors and without an independent basis therefor, on the Effective Date, Crown and Crown EMAK shall have conclusively, absolutely, unconditionally, irrevocably and forever, released and discharged each Debtor, the Director and Officer Released Parties, the Non-Debtor Subsidiaries, and the Related Persons of each of the Debtors, the Director and Officer Released Parties, and the Non-Debtor Subsidiaries from any claim or cause of action existing as of the Effective Date arising from, based on or relating to the subject matter of, or the transaction or event giving rise to, the claims related to the Debtors of Crown and Crown EMAK, and any act, omission, occurrence or event related to such subject matter, transaction or obligation; provided, however, that each of Crown and Crown EMAK that filed a proof of claim is not releasing its allowed claim.*

### *Release by Holders of Common Equity Interests participating in the Crown EMAK Settlement*

*Except as otherwise provided in the Plan, the Confirmation Order or in any contract, instrument, release or other agreement entered into, delivered, assumed or preserved under or in connection with the Plan, on the Effective Date, each Holder of Common Equity Interests that elects (each, a "Release Obligor"), in consideration for the obligations of Crown EMAK, and the cash, financing and other contracts, instruments, releases, agreements and documents to be delivered in connection with the crown settlement agreement, to accept the proposal made by Crown EMAK in Section V.I hereof relating to provision of New Common Equity, shall, and shall be deemed to, completely, conclusively, absolutely, unconditionally, irrevocably and forever, release, waive, void, extinguish and discharge each of the Debtors, the Non-Debtor Subsidiaries, the Crown Released Parties, the Director and Officer Released Parties, and the Related Persons of each of the foregoing entities from any claim, cause of action, suit, judgment, right, damage, debt, obligation, liability, or remedy existing as*

13

1    *of the Effective Date arising from, based on or relating to, in whole or in part, the subject matter of, or
     the transaction or event giving rise to, the claim or cause of action of such Release Obligor, and any act,*
2    *omission, occurrence or event in any manner related to such subject matter, transaction or obligation;*
     *provided, however, that nothing in the Plan will restrict any governmental or regulatory agency from*
3    *pursuing any regulatory or police enforcement action against the Debtors, the Reorganized Debtors,*
     *their current or former officers, directors or employees, and their respective agents, advisors, attorneys*
4    *and representatives acting in any capacity, other than any action or proceeding of any type to recover*
     *monetary claims, damages, or penalties against the debtors for an act or omission occurring prior to*
5    *confirmation.*

6        **PLEASE TAKE FURTHER NOTICE** that Section XI.C provides the following:

7        *The Exculpated Parties shall neither have nor incur any liability to any Entity or Person for any*
     *claims or causes of action arising before, on or after the Petition Date and prior to or on the Effective*
8    *Date for any act taken or omitted to be taken in connection with, or related to formulating, negotiating,*
     *preparing, disseminating, implementing, administering, confirming or effecting the consummation of*
9    *this Plan, the Disclosure Statement or any contract, instrument, release or other agreement or document*
     *created or entered into in connection with this Plan or any other pre-petition or post-petition act taken or*
10   *omitted to be taken in connection with or in contemplation of the restructuring of the Debtors, the*
     *approval of the Disclosure Statement or confirmation or consummation of this Plan; provided, however,*
11   *that the foregoing provisions shall have no effect on the liability of any Entity that results from any such*
     *act or omission that is determined in a final order of the Bankruptcy Court or other court of competent*
12   *jurisdiction to have constituted gross negligence or willful misconduct; provided, further, that each*
     *Exculpated Party shall be entitled to rely upon the advice of counsel concerning its duties pursuant to, or*
13   *in connection with, the above referenced documents, actions or inactions; provided, further, however*
     *that the foregoing provisions shall not apply to any acts, omissions, claims, causes of action or other*
14   *obligations expressly set forth in and preserved by this plan or the plan supplement.*

15       **PLEASE TAKE FURTHER NOTICE** that Section XI.D provides the following:

16       *Except as otherwise provided in this Plan, from and after the Effective Date, all Entities are*
     *permanently enjoined from commencing or continuing in any manner, any suit, action or other*
17   *proceeding, or creating, perfecting or enforcing any lien of any kind, on account of or respecting any*
     *claim, demand, liability, obligation, debt, right, cause of action, equity interest, or remedy released or to*
18   *be released, exculpated or to be exculpated, or discharged or to be discharged pursuant to this Plan or*
     *the Confirmation Order regardless of whether any consideration was received hereunder by such entity.*
19   *In addition, by accepting distributions pursuant to this Plan, each holder of an Allowed Claim or Equity*
     *Interest will be deemed to have specifically consented to this injunction. All injunctions or stays*
20   *provided for in the Chapter 11 Cases under section 105 or 362 of the Bankruptcy Code, or otherwise,*
     *and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date.*

21

22   Dated: April __, 2011

23                                          IRELL & MANELLA LLP
                                           By: _____
24                                              Jeffrey M. Reisner
                                                Michael H. Strub, Jr.
25                                              Kerri A. Lyman
                                           Reorganization Counsel for the Debtors and
26                                         Debtors-in-Possession

27

28

                                           14

1

## **EXHIBIT "2"**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Form B14 - (Rev. 7/98)                                                                           1998 USBC, Central Dis

Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number

IRELL & MANELLA LLP
Jeffrey M. Reisner (State Bar No. 143715)
jreisner@irell.com
Michael H. Strub, Jr. (State Bar No. 153828)
mstrub@irell.com
Kerri A. Lyman (State Bar No. 241615)
klyman@irell.com
840 Newport Center Drive, Suite 400
Newport Beach, CA  92660
Telephone:  (949) 760-0991
Facsimile:  (949) 760-5200

☒ Attorneys for Debtors and Debtors-in-Possession

FOR COURT USE ONLY

| UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>LOS ANGELES DIVISION | CHAPTER 11<br>Case No. 2:10-bk-42779-RN<br>[Jointly Administered With: Case No. 2:10-bk-42784-RN] |
|---|---|
| In re:<br>☒  EMAK WORLDWIDE, INC., a Delaware corporation,<br>☒  EMAK WORLDWIDE SERVICE CORP., a Delaware corporation,<br><br><br>Debtors and Debtors-in-Possession. | **CONFIRMATION HEARING**:<br>DATE:  June 9, 2011<br>TIME:   2:00 p.m.<br>CTRM:  1645 |

**BALLOT FOR ACCEPTING OR REJECTING PLAN**
**[CLASS 5-A – PREFERRED EQUITY INTERESTS]**

1.  EMAK Worldwide, Inc., a Delaware corporation ("EMAK") and EMAK Worldwide Service Corp., a Delaware corporation ("EMAK Service"), the debtors and debtors-in-possession in these jointly administered cases (the "Debtors"), have filed their *Revised First Amended Joint Plan of Reorganization for EMAK Worldwide, Inc. and EMAK Worldwide Service Corp. (Dated April 11, 2011)* (the "Plan").  By this ballot you will vote to accept or reject the Plan.

2.  The Court has approved a Disclosure Statement with respect to the Plan.  The Disclosure Statement provides information to assist you in deciding how to vote your ballot.  If you do not have a Disclosure Statement, you may obtain a copy from the Debtors' attorneys at the addresses set forth above.  Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

3.  You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.

16

Your *[check one box only]*  ☐  **claim**    ☒ **equity interest** has been placed in **Class 5-A** under the Plan.  If you hold claim(s) or equity interest(s) in more than one Class, you will receive a ballot for each Class in which you are entitled to vote.

4.  If your ballot is not received by the Debtors' attorneys, Irell & Manella LLP, Attn: Lori Gauthier, Paralegal, 840 Newport Center Drive, Suite 400, Newport Beach, CA 92660 <u>on or before 5:00 p.m. (PDT) on May 19, 2011,</u> and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan, unless the Judge otherwise determines that a non-vote will be treated as a rejection of the Plan.

5.  If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote.

<div align="center">

**ACCEPTANCE OR REJECTION OF THE PLAN**

</div>

6.  Complete the appropriate line below that describes your claim or equity interest:

The undersigned is the holder of a Class 5-A Preferred Equity Interest in EMAK, consisting of 25,000 shares of Series AA senior Cumulative Preferred Stock, par value $0.001 per share, in EMAK.

**Other Classes:**          ☐ See Attached Continuation Page

7. **The undersigned** *[check one box only]*:

☐    **ACCEPTS THE PLAN**                    ☐    **REJECTS THE PLAN**

Dated:_____

Name *[Print or type]*:          _____

Signature:          _____

Title *[if corporation or partnership]*:          _____

Address:          _____

_____

_____

Telephone No.:          _____

Fax No.:          _____

<div align="center">

**RETURN THIS BALLOT TO:**

IRELL & MANELLA LLP
ATTN: LORI GAUTHIER
840 NEWPORT CENTER DRIVE
SUITE 400
NEWPORT BEACH, CA 92660
TELEPHONE: (949) 760-0991
FACSIMILE:    (949) 760-5200
EMAIL: lgauthier@irell.com

17

</div>

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 840 Newport Center Drive, Suite 400, Newport Beach, CA 92660-6324

The foregoing document described as [Proposed] **ORDER: (1) APPROVING DISCLOSURE STATEMENT; (2) APPROVING NOTICE PROCEDURES; (3) ESTABLISHING CURE PROCEDURES; AND (4) ESTABLISHING CONFIRMATION PROCEDURES AND DEADLINES** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** –
Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On April ___, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On April 14, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.*

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on April 14, 2011, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.*
<u>SERVED VIA PERSONAL DELIVERY/NATIONWIDE</u>
Chambers of Honorable Richard Neiter
United States Bankruptcy Court
Roybal Federal Building
255 E. Temple Street [Bin Outside Suite #1652]
Los Angeles, CA 90012-3332

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 4/14/11 | Lori Gauthier | /s/ Lori Gauthier |
|---------|---------------|-------------------|
| *Date* | *Type Name* | *Signature* |

**SERVED VIA E-MAIL:**

- Austin K Barron    abarron@buchalter.com, IFS_filing@buchalter.com;tcarson@buchalter.com
- Ron Bender    rb@lnbrb.com
- Russell Clementson    russell.clementson@usdoj.gov
- Daniel Denny    ddenny@gibsondunn.com
- Ted A Dillman    Ted.dillman@lw.com
- Joseph A Eisenberg    jae@jmbm.com
- John-patrick M Fritz    jpf@lnbrb.com
- Oscar Garza    ogarza@gibsondunn.com
- Matthew A Gold    courts@argopartners.net
- Michael I Gottfried    mgottfried@lgbfirm.com, msaldana@lgbfirm.com;ncereseto@lgbfirm.com
- Irving M Gross    img@lnbrb.com, angela@lnbrb.com
- Joshua Holt    josh.holt@bingham.com
- Donald K Ludman    dludman@brownconnery.com
- Kerri A Lyman    klyman@irell.com
- David L. Neale    dln@lnbrb.com
- Lisa N Nobles    LNobles@LGBFirm.com, MSaldana@LGBFirm.com
- Justin E Rawlins    jrawlins@winston.com, docketla@winston.com
- Jeffrey M. Reisner    jreisner@irell.com
- Jeffrey Rosenfeld    jeffrey.rosenfeld@bingham.com
- Mark M Sharf    mark@forbankruptcy.com, msharf00@gmail.com
- Michael K Sugar    msugar@irell.com
- Rocky C Tsai    rocky.tsai@ropesgray.com,
  thad.davis@ropesgray.com;james.wilton@ropesgray.com;ross.martin@ropesgray.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Pamela Kohlman Webster    pwebster@buchalter.com

**SERVED VIA FIRST-CLASS MAIL**

| | |
|---|---|
| Debtors<br>EMAK Worldwide, Inc.<br>EMAK Worldwide Service Corp.<br>c/o Teresa Tormey, Esq.<br>350 N. Orleans Street, 5th Floor<br>Chicago, IL 60654 | Russell Clementson, Esq.<br>c/o Office of the U.S. Trustee<br>725 S. Figueroa Street, Suite 2600<br>Los Angeles, CA 90017-5413 |
| Counsel for Official Committee<br>David Neale, Esq. and John-Patrick Fritz, Esq.<br>Levene, Neale, Bender, Yoo & Brill<br>10250 Constellation Blvd., Ste. 1700<br>Los Angeles, CA 90067 | **Counsel for Creditor, Bouchard Margules &<br>Friedlander, PA**<br>Landau Gottfried & Berger LLP<br>Attn: Michael I. Gottfried, Esq.<br>1801 Century Park East, Suite 1460<br>Los Angeles, CA 90067 |
| Crown EMAK Partners, LLC<br>c/o Gibson Dunn & Crutcher, LLP<br>Attn: Steven K. Talley, Esq.<br>1801 California Street, Suite 4200<br>Denver, CO 80202 | Crown EMAK Partners, LLC<br>c/o Gibson, Dunn & Crutcher LLP<br>Attn: Oscar Garza, Esq.<br>3161 Michelson Drive<br>Irvine, CA 92612 |

| In re:<br>EMAK WORLDWIDE, INC.<br><br>Debtor(s). | CHAPTER 11<br><br>CASE NUMBER 2:10-BK-42779 |

## NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **ORDER: (1) APPROVING DISCLOSURE STATEMENT; (2) APPROVING NOTICE PROCEDURES; (3) ESTABLISHING CURE PROCEDURES; AND (4) ESTABLISHING CONFIRMATION PROCEDURES AND DEADLINES** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**  Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of April _____, 2011, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

☒ Service information continued on attached page

**II.  SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐ Service information continued on attached page

**III.  TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

☒ Service information continued on attached page

20

**SERVED VIA NOTICE OF ELECTRONIC FILING ("NEF")**

- Austin K Barron    abarron@buchalter.com, IFS_filing@buchalter.com;tcarson@buchalter.com
- Ron Bender    rb@lnbrb.com
- Russell Clementson    russell.clementson@usdoj.gov
- Daniel Denny    ddenny@gibsondunn.com
- Ted A Dillman    Ted.dillman@lw.com
- Joseph A Eisenberg    jae@jmbm.com
- John-patrick M Fritz    jpf@lnbrb.com
- Oscar Garza    ogarza@gibsondunn.com
- Matthew A Gold    courts@argopartners.net
- Michael I Gottfried    mgottfried@lgbfirm.com, msaldana@lgbfirm.com;ncereseto@lgbfirm.com
- Irving M Gross    img@lnbrb.com, angela@lnbrb.com
- Joshua Holt    josh.holt@bingham.com
- Donald K Ludman    dludman@brownconnery.com
- Kerri A Lyman    klyman@irell.com
- David L. Neale    dln@lnbrb.com
- Lisa N Nobles    LNobles@LGBFirm.com, MSaldana@LGBFirm.com
- Justin E Rawlins    jrawlins@winston.com, docketla@winston.com
- Jeffrey M. Reisner    jreisner@irell.com
- Jeffrey Rosenfeld    jeffrey.rosenfeld@bingham.com
- Mark M Sharf    mark@forbankruptcy.com, msharf00@gmail.com
- Michael K Sugar    msugar@irell.com
- Rocky C Tsai    rocky.tsai@ropesgray.com,
  thad.davis@ropesgray.com;james.wilton@ropesgray.com;ross.martin@ropesgray.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Pamela Kohlman Webster    pwebster@buchalter.com

**TO BE SERVED BY LODGING PARTY VIA FIRST-CLASS MAIL:**

| | |
|---|---|
| Debtors<br>EMAK Worldwide, Inc.<br>EMAK Worldwide Service Corp.<br>c/o Teresa Tormey, Esq.<br>350 N. Orleans Street, 5th Floor<br>Chicago, IL 60654 | Russell Clementson, Esq.<br>c/o Office of the U.S. Trustee<br>725 S. Figueroa Street, Suite 2600<br>Los Angeles, CA 90017-5413 |
| Counsel for Official Committee<br>David Neale, Esq. and John-Patrick Fritz, Esq.<br>Levene, Neale, Bender, Yoo & Brill<br>10250 Constellation Blvd., Ste. 1700<br>Los Angeles, CA 90067 | **Counsel for Creditor, Bouchard Margules &<br>Friedlander, PA**<br>Landau Gottfried & Berger LLP<br>Attn: Michael I. Gottfried, Esq.<br>1801 Century Park East, Suite 1460<br>Los Angeles, CA 90067 |
| Crown EMAK Partners, LLC<br>c/o Gibson Dunn & Crutcher, LLP<br>Attn: Steven K. Talley, Esq.<br>1801 California Street, Suite 4200<br>Denver, CO 80202 | Crown EMAK Partners, LLC<br>c/o Gibson, Dunn & Crutcher LLP<br>Attn: Oscar Garza, Esq.<br>3161 Michelson Drive<br>Irvine, CA 92612 |